WILSON v. SHULER *ET AL.*

(144 S. E., 57)

1. BANKS AND BANKING—ON ORDER AUTHORIZING LIQUIDATION OF BANK, DIRECTORS BECOME IPSO FACTO LIQUIDATING TRUSTEES (3 CIV. CODE 1922, §§ 3981, 4282).—On order being obtained under 3 Civ. Code 1922, § 3981, authorizing bank to liquidate its affairs, directors become *ipso facto* liquidating trustees, with all rights and powers conferred by Section 4282, and become vested with title to assets, and right and duty to collect debts due, and sell and convey property, pay debts, and distribute net proceeds, and

hence order authorizing liquidation need not designate directors as liquidating agents, since they become so by operation of law, and not as agents of bank examiner.

2. BANKS AND BANKING—ORDER AUTHORIZING BANK EXAMINER TO APPOINT LIQUIDATING AGENT AFTER BANK HAD BEEN AUTHORIZED TO LIQUIDATE ITS AFFAIR HELD INVALID, SINCE DIRECTORS ARE SOLE LIQUIDATING TRUSTEES (3 CIV. CODE 1922, § 3981).—Since on order authorizing liquidation of bank under 3 Civ. Code 1922, § 3981, directors become *ipso facto* liquidating trustees, with exclusive powers, *held,* that *ex parte* order purporting to authorize State Bank Examiner to appoint a liquidating agent was without legal validity and liquidating agent so appointed occupies very much situation of an executor *de son tort,* and is liable to strict accounting of his conduct of trust which he has assumed.

Before SHIPP, J., Dorchester, December, 1927. Reversed and remanded.

Application by C. S. Wilson against W. P. Shuler and others, directors of the Farmers' State Bank of St. George, for the appointment of a receiver for the bank. From an order refusing an application for Receiver plaintiff appeals.

The complaint, answer and return, and the decree of Judge Shipp are as follows:

## COMPLAINT

(1) That the Farmers' Bank of St. George, S. C., is a corporation created and existing under the laws of the State of South Carolina and formerly did business at St. George, S. C., as a banking institution, capitalized at $25,000.

(2) That by order of this Court dated February 14, 1925, the said bank was authorized to liquidate its affairs under Section 3981 of the Code of South Carolina, and that at that time the above-named defendants were its officers and directors.

(3) That the said the Farmers' Bank is insolvent and that the plaintiff is a creditor thereof in an amount exceeding the sum of $5,000, which sum of $5,000 he had in said bank in its savings department at the time it was closed and commenced liquidation of its affairs.

(4) That the defendant, D. F. Moorer, Jr., is in active charge of the liquidation of the affairs of the said bank as liquidating agent.

(5) That each and every one of the said defendants, except the defendant J. B. Whetsell, are largely indebted to the said bank, directly or by way of indorsement. That they have had charge of the liquidating of said bank since the 14th day of February, 1925, and have made practically no progress. That an action has been commenced in this Court by one of the depositors of said bank by name, G. P. Heaton, against the stockholders of said bank to collect the stockholders' statutory liability, and that each of the defendants herein, except J. W. Whetsell, were sued in that case, and that judgments have been obtained against said defendants, but that said judgments remain unsatisfied, and that therefrom the plaintiff draws the inference that the said G. P. Heaton is in concert of action with the defendants herein to delay the liquidating of the affairs of the said bank and the collection of the liabilities of the defendants to the creditors and depositors of the said bank.

(6) That the defendants each and all are guilty of very gross negligence in the collection of the moneys due to said bank and the creditors thereof and are improper parties to conduct the liquidating of the affairs of the said bank.

(7) The plaintiff further alleges that it would be for the best interest of the creditors of said bank for the same to be liquidated by way of Receivership, with the Receiver in no wise connected with the debtors of said bank, and is informed and believes that the State Bank Examiner makes no opposition to a liquidating of the said bank by way of a Receivership.

### RETURN AND ANSWER OF DEFENDANTS

The defendants in the above-stated action, answering the complaint herein, through John Henry Behling and William C. Wolfe, their attorneys, for answer and also for a return

to the rule to show cause heretofore issued in this case, on November 5, 1927, by Hon. W. H. Townsend, Judge of the Fifth Circuit, say and respectfully show unto this Court:

I. After admitting the first, second, third, and fourth paragraphs of the complaint herein, deny each and every allegation in the said complaint contained not hereinafter in this answer specifically admitted or explained.

II. The defendants deny that they, or any of them, are indebted directly or by way of indorsement to the said the Farmers' Bank, but, on the other hand, alleged that the allegations contained in the fifth paragraph of the complaint in reference to this matter are incorrect, as they do not owe the said bank, either directly or indirectly by way of indorsement, any sum whatsoever, several of them being makers or indorsers on paper formerly held by the said bank, but later transferred by the said bank, for value, to other banks or persons, so that the Farmers' Bank has no claim or interest whatsoever in and to any of such paper.

III. That they deny that they have had charge of the liquidation of the said bank as stated in the fifth paragraph of the complaint, but, on the other hand, allege that the liquidation of said bank has been in the hands of D. F. Moorer, Jr., as liquidating agent, under the direction and supervision of the State Bank Examiner of South Carolina, and that he has been faithfully and diligently discharging the duties of such position, and has collected all paper which has been collectible thus far, and is continuing to discharge such duties and making such collections as he is able to do from time to time and as the circumstances permit.

IV. That, in reference to the allegations contained in the fifth paragraph of the complaint in respect to an action commenced by one of the depositors of the said bank against the stockholders upon their liability as such under the law, these defendants submit that they have no interest whatsoever therein and have nothing whatsoever to do therewith, this being a separate action over which they have no control

whatsoever, and that they are not required or allowed by the law to institute any proceeding, as officers of the said bank, to collect such stockholders' liability; this being a matter entirely for the consideration and disposition of the depositors in said bank, and concerning which these defendants, as officers of said bank, have no right or duty to perform.

V. That they specifically deny that they are in concert of action with any of the depositors or stockholders in the said bank to delay the liquidation thereof, or to delay the collection of any liability of the said bank, or of any one whomsoever connected with the said bank, to the creditors and depositors thereof.

VI. That they specifically deny each and every allegation contained in the sixth paragraph of the complaint, and allege in reference thereto that no one, save D. F. Moorer, Jr., as liquidating agent of the said bank, under the supervision of the State Bank Examiner, has anything to do with collecting the assets of the said bank and completing its liquidation.

VII. That they specifically deny the allegations contained in the seventh paragraph of the complaint, and also deny that the State Bank Examiner makes no opposition to the appointment of a Receiver thereof, but, on the other hand, allege that, upon information and belief, the State Bank Examiner of South Carolina does oppose the appointment of a Receiver for the said bank in this action.

VIII. That they allege that the appointment of a Receiver as prayed for in the complaint in this action would serve no useful purpose, as there is no necessity therefor, insomuch as the liquidating agent, under the supervision of the State Bank Examiner, has practically completed the liquidation of the said bank, and will soon be ready to pay over to the depositors whatever sum may be realized by him, and that to appoint a Receiver as prayed for in the complaint, with expensive foreign counsel, would amount to dissipating whatever assets the defunct bank has now applicable to the depositors, and is entirely useless and unnecessary.

· Wherefore the defendants pray that the rule issued herein be discharged, and that they have judgment for a dismissal of the complaint, together with costs.

ANSWER OF G. W. RUMPH, DEFENDANT, BY R. L. WEEKS, ESQ.

· The defendant, G. W. Rumph, in obedience to the rule heretofore issued against him, along with the other defendants named in this action, as to the return thereto, respectfully represent:

(1) He admits so much of the allegations of the complaint upon which the said rule is predicated and are contained and set forth in paragraphs 1, 2, 3, 4 and 7 of the said complaint.

(2) That he admits all of paragraph 5 of the said complaint, except so much thereof as alleges that he is largely indebted to the said bank.

(3) He admits so much of paragraph 6 of the said complaint as alleges that those in active charge of the liquidation of the said bank have been derelict in their duties in the proper liquidation of the affairs of the said bank, and that those now in charge of the liquidation of the said bank are improper parties to give the best and most efficient results in the proper administration of the affairs of the said bank.

(4) And this defendant, as a further return to the said rules, says and alleges that, notwithstanding the fact that he was a director of the said bank and is still a director of the said bank, he had during its solvency no knowledge or information concerning its affairs, nor has he now any knowledge or information concerning its affairs; the same not having been communicated or made known to this defendant by those in actual control thereof in winding up the affairs of the said bank.

(5) That his sole liability in connection with the said bank is as a stockholder, holding stock therein in the amount

of $500, and that his statutory liability thereon to the depositors has been fixed by judgment in the action made reference to in plaintiff's complaint.

(6) That this defendant at the time of the closing of the said bank by the State Bank Examiner was probably the largest depositor therein; having at said time on deposit in the said bank a sum in excess of $8,000, on which he has received a dividend of only 10 per cent.

(7) That he is of the opinion that it would be to the best interest of all persons interested in the said institution for a Receiver to be appointed; and for this office there should be appointed one who is absolutely disinterested and not concerned from a personal standpoint with any matter therewith connected.

Wherefore this defendant joins in the prayer and demands of the plaintiff in this action that the affairs of the said bank be liquidated by way of receivership, and that a person who is not in any manner connected with the said bank or any of its affairs be appointed Receiver for the purpose of speedily liquidating and winding up the affairs of the said bank.

### DECREE

In this case an application for the appointment of a Receiver is now made before me. The Farmers' Bank of St. George, S. C., closed its doors on the 14th day of February, 1926, and was taken in charge by the State Bank Examiner, who appointed D. F. Moorer, Jr., as his agent, to assist in the liquidation of the bank. Since that date the affairs of the bank have been in charge of the State Bank Examiner, who has been liquidating its affairs with the assistance of Mr. Moorer as his agent.

The plaintiff in this case complains that the liquidation of the bank has been slow and purposely delayed by the former officers of the institution, who seek thereby to avoid their own personal liability and also to enable them to secrete and dispose of their property in order to avoid their personal

liability. The plaintiff further complains that the liquidating agent, Mr. Moorer, is at least by inactivity and acquiescence furthering the plans and efforts of such former officers of the bank. In this situation the plaintiff asks that a Receiver for the bank be appointed to protect and collect its assets and compel the former officers to meet and discharge their personal liability to the bank.

Considerable testimony by affidavit and statement has been offered by both sides. The State Bank Examiner files a statement to the effect that the affairs of the bank have been largely liquidated and that there is no necessity for the appointment of a Receiver. The liquidating agent, Mr. Moorer, files an affidavit showing or tending to show that he has faithfully discharged his duties; that he has already paid a dividend of 10 per centum, amounting to about $14,000; and that he has collected nearly every demand which is collectible, and is vigorously pressing collections.

It appears that nearly $100,000 of the bank's papers had been assigned at the time of its closing to the Federal Reserve Bank of Richmond, Va., and to the People's First National Bank of Charleston, S. C., upon which the liability of the Farmers' Bank was secondary as indorser.

It further appears that Mr. Moorer has collected about $19,000 upon the $20,000 due the People's First National Bank of Charleston, and has collected about $34,000 upon about $72,000 due to the Federal Reserve Bank. The officers of the Federal Reserve Bank and the People's First National Bank file statements commending Mr. Moorer in high terms for his efficiency and capability.

It appears that the former officers and directors of the Farmers' Bank owe the bank little, if anything; the paper given by them having been transferred to the Federal Reserve Bank and the People's First National Bank before its closing.

The question then presented is: Ought the Court now to discharge the State Bank Examiner and his liquidating agent,

Mr. Moorer, and appoint a Receiver to complete the liquidation of the bank?

The law contemplates that insolvent banks should be liquidated by or under the supervision of the State Bank Examiner, Sections 3977–3985, Vol. 3, Code of 1922. The presumption of law is that public officers have or will faithfully and properly discharge the duties of their offices. *Nicholson v. Villepigue,* 91 S. C., 231. The power of appointing a Receiver is a delicate one and should be exercised with great care. *Pelzer v. Hughes,* 27 S. C., 408. Under all of the circumstances in this case the Court is of opinion that a Receiver should not be appointed.

Of course, if it can be shown in the future that the State Bank Examiner and his liquidating agent, D. F. Moorer, Jr., are not properly discharging their duties in respect to liquidating the affairs of the Farmers' Bank, then application for the appointment of a Receiver may be renewed, but upon a new and different state of facts.

Accordingly, it is now ordered that the motion of the plaintiff herein to appoint a Receiver of the Farmers' Bank of St. George, S. C., be and hereby is refused.

*Messrs. Ninestein & Baxley,* and *Thos. M. Boulware,* for appellant, cite: *Legal authority in Board of Directors to liquidate:* 140 S. C., 471. *"Directors" and not one of them should act:* Sec. 4282, Code. *Receiver should have been appointed:* 140 S. C., 471; 84 S. C., 214.

*Messrs. John Henry Behling* and *William C. Wolfe,* for respondents.

July 6, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order refusing to appoint a Receiver of the Farmers' Bank of St. George, S. C., upon the application of the plaintiff, a depositor in that bank.

The facts out of which the controversy has arisen are these:

At some time, presumably within 30 days prior to February 14, 1925 (the precise time does not appear in the transcript), the directors of the Farmers' Bank met and duly passed a resolution, under Section 3981 of the Code, requesting the State Bank Examiner "to take and retain sole possession and control of the property and business of such corporation for not exceeding 30 days." The State Bank Examiner complied with that request.

Within that period of 30 days, upon the verified petition of the bank, and with the consent of the State Bank Examiner, his Honor, Judge Dennis, who was then the presiding Judge of the Circuit, signed an order, dated February 14, 1925, as follows:

"That the Farmers' Bank be and it is hereby authorized to liquidate its affairs, under the sole supervision and control of the State Bank Examiner and subject to the orders of this Court, it is further ordered that the State Bank Examiner, in his discretion, be and he is hereby authorized and empowered to appoint such liquidating agent, or agents, as he deems proper. It is further ordered that this order, and the petition hereto annexed, be filed in the office of the Clerk of the Court of Dorchester County, S. C."

It will be noted that this order not only authorized the liquidation of the affairs of the bank *by the corporation,* but authorized the State Bank Examiner *"to appoint such liquidating agent or agents as he deems proper."* In pursuance of this order the State Bank Examiner appointed D. F. Moorer, Jr., "as *his* agent, to assist in the liquidation of the bank" (a quotation from the order of his Honor, Judge Shipp, dated December 21, 1927, hereinafter referred to). Accordingly D. F. Moorer, Jr., who had been assistant cashier of the bank, assumed the duties of liquidating agent *of the State Bank Examiner,* and has been actively engaged

in husbanding the assets of the corporation. As is stated in the order of his Honor, Judge Shipp, above referred to:

"Since that date the affairs of the bank have been in charge of the State Bank Examiner, who has been liquidating its affairs with the assistance of Mr. Moorer *as his agent.*"

The defendants, the directors of the bank, in their answer allege:

"That they deny that they have had charge of the liquidation of the said bank as stated in the fifth paragraph of the complaint, but, on the other hand, allege that the liquidation of said bank has been in the hands of D. F. Moorer, Jr., as liquidating agent, under the direction and supervision of the State Bank Examiner of South Carolina, and that he has been faithfully and diligently discharging the duties of such position, and has collected all paper which has been collectible thus far, and is continuing to discharge such duties and making such collections as he is able to do from time to time and as the circumstances permit."

And, further, in reply to the sixth paragraph of the complaint, which alleges:

"That the defendants each and all are guilty of very gross negligence in the collection of the moneys due to said bank and the creditors thereof and are improper parties to conduct the liquidating of the affairs of the said bank."

The defendants allege:

"That they specifically deny each and every allegation contained in the sixth paragraph of the complaint, and allege in reference thereto that no one, save D. F. Moorer, Jr., as liquidating agent of the said bank, under the supervision of the State Bank Examiner, has anything to do with collecting the assets of the said bank and completing its liquidation."

It appears, therefore, by the admissions of the directors, that they have completely abdicated their powers and duties in the matter of the liquidation of the affairs of the bank

in favor of D. F. Moorer, Jr., who has been appointed by
the Bank Examiner *as his agent,* to assist *him* in the process
of liquidation.

The plaintiff, a depositor in the bank, then instituted this
proceeding for the appointment of a Receiver of the bank,
making in his complaint charges of negligence on the part
of the directors and maladministration of the affairs of the
corporation. The matter was heard by his Honor, Judge
Shipp, upon the pleadings and many affidavits, and on De-
cember 21, 1927, he filed an order refusing the application
for a Receiver. From this order the plaintiff has appealed.

It appears from the showing before us that the "liquidat-
ing agent," who, from the order of his Honor, Judge Dennis,
and his appointment as such by the Bank Examiner, was jus-
tified in the assumption of the validity of his appointment,
has administered the affairs of the corporation with com-
mendable intelligence, energy, and honesty, and that the
charges of maladministration made in the complaint have
not been sustained. We may say, however, that as, in the
view which we take of the appeal, his actings and doings
are still open for review, the above statement is not intended
to foreclose any conclusion that may result from such review.

We deem it necessary to consider only the status of the
so-called "liquidating agent," and the consequences of his
invalid appointment, if it should be so adjudicated.

It is decided in the case of *Browne v. Hammett,* 133
S. C., 446; 131 S. E., 612, that when an order has
been obtained under Section 3981, authorizing the
corporation to liquidate its affairs, the directors of the bank
become *ipso facto* liquidating trustees of the banking cor-
poration, with all of the rights, powers and duties conferred
by Section 4282, relating to corporations generally. They
become vested with the title to all of the assets of the bank;
they have the right to the possession of those assets; the right
and duty to collect the debts due to the bank; the right to sell
and convey the property; the right and duty to pay the debts

and distribute the net proceeds; the right to meet and act under the by-laws of the corporation; the right to sue for and recover the debts and property in the name of the corporation. By reason of these necessarily exclusive powers in the directors as liquidating trustees, the corporation itself its completely stripped of every power, right and activity as a corporation. It is not at all necessary that the order authorizing liquidation designate the directors as liquidating agents; they become so by operation of law upon the signing of the order *virtute officii, and not as agents of the Bank Examiner.* Having thus become liquidating trustees by virtue of the statute and of their office, it seems clear that they cannot be displaced by an *ex parte* order and cannot abdicate their power and duty. The order of his Honor, Judge Dennis, purporting to authorize the Bank Examiner "to appoint such liquidating agent or agents as he deems proper," was without legal validity.

As is declared in the *Browne v. Hammett case:*

"It is true that the liquidation by the directors as trustees is directed to proceed under the 'sole supervision and control of the Examiner.' This by its terms necessarily precludes the idea that the Examiner was expected to conduct the process of liquidation. Neither the right of possession nor the title to the assets of the corporation is vested in him. He is simply a supervisor and director of the process of liquidation. * * * They [the directors] are acting as liquidating trustee *virtute officii, and not as agents of the Examiner,* though subject to his supervision and control."

As the Bank Examiner has no authority himself to liquidate the affairs of the bank, he cannot, even under an order of Court, delegate a power which he does not possess.

The situation, then, is that the entire affairs of the defunct bank are in the hands of one who has not been legally authorized to administer them, and those who have been constituted by the law the liquidating trustees have abdicated the powers and duties imposed upon them. Moorer, the "liqui-

dating agent." of the Bank Examiner, occupies very much the situation of an executor de son tort, and is liable to a strict accounting of his conduct of the trust which he has assumed.

It is decided in the case of Ex parte Citizens' Bank of Denmark, 140 S. C., 471; 139 S. E., 135:

"If any depositor, or other creditor, or stockholder considered his interest improperly protected by the directors and the Examiner, or either of them, he had the right to apply to the Court in the original action, under the provisions of Section 4284, whether the bank was solvent or insolvent, for the appointment of a Receiver. His right to take such steps was not limited to the desire of the Examiner, nor to that of the directors; he did not have to wait for the consent of either of them, he did not have to delay until the Examiner took action for his protection."

The judgment of this Court is that the order appealed from be reversed and that the case be remanded for further proceedings consistent herewith.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.