**U.S. CENTRAL UNDERWRITERS AGENCY, INC.; Robert Hutchings; Sharon Hutchings; Robert Ewart, Appellants,**

v.

**Catherine C. HUTCHINGS, Respondent.**

No. 71969.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 12, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 1997.

David L. Campbell, St. Louis, for appellants.

Steven L. Loenard, Clayton, for respondent.

Before RHODES RUSSELL, P.J., and SIMON and KAROHL, JJ.

PER CURIAM.

U.S. Central Underwriters Agency, Inc. ("U.S. Central"), a defunct corporation, and Robert Hutchings, Sharon Hutchings, and Robert Ewart, the statutory trustees, appeal the trial court's vacation of a final judgment which had originally accepted Robert and Sharon Hutchings's resignations as statutory trustees and appointed Gregory White as a successor trustee. Along with vacating this earlier judgment, the court denied White's Amended Petition for acceptance of Robert Ewart's resignation and confirmation of White as a successor trustee.[1] The judgment is affirmed as the court had no statutory authority to approve the resignations of the statutory trustees and appoint a successor.

U.S. Central's charter was forfeited in September 1983, on grounds that its corporate franchise had been procured through fraud upon the state. Section 351.526 RSMo. Supp.1995, which governs corporations forfeited prior to August 28, 1990, provides that the statutory trustees of U.S. Central are its last officers and directors before the forfeiture occurred, namely, Robert and Sharon Hutchings and Robert Ewart.

In February 1996, Robert Hutchings petitioned the St. Louis County Circuit Court to accept his and Sharon Hutchings's resignations as statutory trustees and to appoint Gregory White as the successor. It was represented to the court that Robert Ewart was deceased. On the same day, the trial court entered its judgment accepting the resignations of the trustees and appointing White as successor trustee. A copy of this judgment was given to Catherine Hutchings, who was being sued by U.S. Central in an action for wrongful transfer of securities, conversion, and civil conspiracy.

Eight months later, when Catherine Hutchings learned that Robert Ewart was not deceased, she filed a Motion to Set Aside the Judgment pursuant to Rule 74.06 which approved the Hutchings' resignations and the White substitution. White filed an Amended Petition asking the court to accept Ewart's resignation as statutory trustee and to reconfirm White as successor trustee. On December 12, 1996, the trial court granted Catherine Hutchings's Motion to Intervene and the Motion to Set Aside the Judgment. The trial court also denied White's Amended Petition. On January 22, 1997, the court denominated its December 1996 order as a final judgment by agreement of the parties.

The Notice of Appeal was filed by U.S. Central, Robert and Sharon Hutchings, and Robert Ewart. However, only Appellant Robert Hutchings filed any briefs, arguing two points on appeal. First, he contends the trial court had no jurisdiction in December 1996 to vacate the February 1996 judgment in that it was a final judgment entered more than thirty days prior, and no post-trial motions had been filed. Second, he argues the trial court erred in denying White's Amended Petition in that Robert Ewart was denied notice and hearing in violation of the Fourteenth Amendment and Article I, Section 10 of the Missouri Constitution.

■ We find that the trial court had no legal authority to enter the February 1996 judgment which accepted the resignations of the statutory trustees and made a substitution. Section 351.526 RSMo. Supp.1995 states that the "directors and officers in office when the forfeiture occurred *shall* be the trustees of the corporation ..." (*Emphasis added.*)

■ Courts have a duty to construe statutes in their plain, ordinary, and usual sense. *Bosworth v. Sewell,* 918 S.W.2d 773, 777 (Mo. banc. 1996). Where no ambiguity exists, courts cannot look to any other rule of construction. *Id.* The plain and ordinary

---

1. Respondent Catherine Hutchings has filed a Motion to Dismiss Appeal, claiming that none of the parties listed on the Notice of Appeal have standing to appeal. We do not rule on the Motion. In light of our affirmance, the Motion is moot.

meaning of words used in statutes is found in the dictionary. *City of Dellwood v. Twyford*, 912 S.W.2d 58, 60 (Mo. banc 1995).

■ The definition of "shall" states that it is "used in laws, regulations, or directives to express what is mandatory." *Webster's Third New International Dictionary* 2085 (1976). The plain meaning of Section 351.526, therefore, is that the officers and directors are the mandated trustees of the forfeited corporation. As such, they become trustees by operation of law, not by acceptance or agreement.

■ Corporations in essence are creatures of statute. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 808 (Mo. banc 1988). As such, statutory law primarily defines the powers and duties of corporate officers and directors. We find no Missouri statutory authority providing for the resignation of statutory trustees. Without any statutory guidance or authority, the trial court had no jurisdiction to accept the resignations of the trustees and appoint a successor statutory trustee. While there may be situations where the resignation of a statutory trustee is appropriate, the legislature has failed to provide any statutory guidance as to what circumstances are appropriate for resignation and what discretion the trial court should exercise in accepting or denying a resignation.

The South Carolina Supreme Court has said that until the legislature provides otherwise, statutory trustees of a forfeited corporation cannot resign from their responsibilities assigned by law. *Wilson v. Shuler*, 146 S.C. 309, 144 S.E. 57, 61 (1928). In *Wilson*, directors of a bank requested that the state bank examiner take control of the corporation. The state bank examiner complied with the request and appointed a liquidating trustee to manage the bank's affairs. A bank depositor unsuccessfully attempted to have the court appoint a bank receiver. The court held that bank directors become liquidating trustees by virtue of statute, not because of appointment by the state bank examiner. Because the directors are trustees by operation of law, they "cannot abdicate their power and duty." *Id.* at 61.

We find the February 1996 judgment which accepted the resignations of the statutory trustees and made a substitution to be void. The trial court properly granted Respondent's Motion to Set Aside the Judgment pursuant to Rule 74.06(b). Appellant Robert Hutchings's points on appeal are denied. Judgment is affirmed.