[No. 32605.   Department One.   December 15, 1953.]

NEW YORK MERCHANDISE COMPANY, *Appellant,* v. GRAYCE L. STOUT, *Respondent.*[1]

*Lycette, Diamond & Sylvester* (*Herman Howe,* of counsel), for appellant.

*J. Will Jones* and *Clarence L. Gere,* for respondent.

GRADY, C. J.—The appellant brought this action to recover the purchase price of merchandise sold to the community composed of Isaac R. Stout and Grayce L. Stout, doing business under the name of Stout's Variety Store.  The defense

[1]Reported in 264 P. (2d) 863.

set forth in respondent's answer was that in January, 1950, Isaac R. Stout died; that by a nonintervention will he bequeathed his interest in the community estate to respondent; that the estate was probated, but appellant filed no claim against such estate. The appellant in its reply sought to meet the failure to file a claim against the estate by the assertion that notice to creditors to file claims was published in a newspaper of limited circulation, and, such notice not having been mailed to it, due process of law was denied. Appellant also claimed that, by certain conduct of respondent hereinafter referred to, she was estopped to deny the validity of the claim, also that respondent for a consideration assumed and agreed to pay the debt owing to appellant.

The factual situation, so far as is necessary to discuss and decide the material questions raised by appellant, is as follows: Prior to January 4, 1950, Isaac R. Stout and his wife, Grayce L. Stout, owned and operated a mercantile business known as Stout's Variety Store; on that date Isaac Stout died. All of the property in which the decedent had any interest was community property. By a nonintervention will, he left the property to his wife and named her as executrix. The will was admitted to probate March 25, 1950. Notice to creditors was given, and thereafter a decree of solvency was entered. The first publication of notice to creditors was March 30, 1950. No claim against the estate was filed by appellant. On October 2, 1950, the executrix filed a final report and petition for distribution. On November 1, 1950, the court approved the report and entered a decree distributing all of the property of the estate to Grayce Laura Stout, discharged her as executrix, and ordered the estate closed. During the progress of the administration of the estate, respondent continued to operate the business of Stout's Variety Store, made some small purchases of merchandise from appellant, and paid the purchase price therefor; she also made some payments on the account of appellant.

We are not in accord with the view of appellant that respondent in her capacity as executrix of the will of deced-

ent was without authority to continue to operate the business during the administration of the estate of decedent except by order of court. She was operating under a non-intervention will; she was the sole beneficiary, and at no time during the progress of the administration of the estate did appellant make any objection to the continuance of the business or seek the aid of the court to have the estate liquidated and its claim paid. The authority of respondent was derived from the will and RCW 11.68.010, and she did not have to obtain any order from the court. *State ex rel. Phinney v. Superior Court,* 21 Wash. 186, 57 Pac. 337; *Bayer v. Bayer,* 83 Wash. 430, 145 Pac. 433.

All of the acts done by respondent in her transactions with appellant were in her representative capacity. Shortly after the will was admitted to probate, respondent informed appellant that the will of her husband had been admitted to probate and that she was acting as legal representative of the estate. The argument made that continuing the business without order of the court, and her acts done and promises made in that connection, rendered her personally liable for the community debt owing to appellant, is without merit. We find nothing in the record that would justify a finding of fact or conclusion of law that respondent made the community debt her personal obligation by agreement either express or implied.

RCW 11.40.010, the statute requiring the filing of claims within a specified time, is a statute of nonclaim, is mandatory, and cannot be waived by the legal representative of an estate. *Empson v. Fortune,* 102 Wash. 16, 172 Pac. 873; *In re Thompson's Estate,* 110 Wash. 635, 188 Pac. 784; *Baumgartner v. Moffatt,* 113 Wash. 493, 194 Pac. 392; *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21, 41 A. L. R. 163; *Walters v. Christensen,* 191 Wash. 602, 71 P. (2d) 664. These cases cite many others and have been cited, approved and followed in subsequent cases.

In support of its contention that RCW 11.40.010 does not accord due process of law in that it goes no further than to require publication of notice to creditors in a newspaper,

appellant cites *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 94 L. Ed. 865, 70 S. Ct. 652. That case has no application to such a statute as RCW 11.40.010. Its doctrine was applied to a case where property rights were being brought before a court for adjudication such as those of beneficiaries under trusts, and where the addresses of such beneficiaries were known to the trustee. The basis of the decision is that notice by publication alone is not sufficient to accord due process under such circumstances.

Appellant is the victim of its own fault and nonaction by its failure to comply with a mandatory statute of nonclaim, for which the courts can give it no relief.

The judgment is affirmed.

MALLERY, HILL, WEAVER, and OLSON, JJ., concur.

---

February 25, 1954. Petition for rehearing denied.