Argued March 5, affirmed March 25, petition for rehearing denied
April 15, 1964

## CHALABY v. DRISKELL

390 P. 2d 632
391 P. 2d 624

*Morton A. Winkel,* Portland, argued the cause for appellant. With him on the brief were Norman A. Stoll and Reinhardt, Coblens & Stoll, Portland.

*Thomas H. Ryan,* Portland, argued the cause for respondent. With him on the brief was Lester W. Humphreys, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

## O'CONNELL, J.

Plaintiff filed a claim against the estate of William E. Driskell to recover on three promissory notes executed by the decedent. Defendant disallowed the claim. The present action was brought against defendant individually and as administrator of the decedent's estate. Plaintiff prayed for (1) a judgment allowing his claim, (2) an order invalidating a claim against the estate filed by defendant, (3) a decree impressing a trust in favor of plaintiff upon $12,935 defendant paid to himself on his own claim, and (4) for general equitable relief.

The case was tried without a jury under ORS

116.525. The trial court held that plaintiff's claim was barred by the statute of nonclaim (ORS 116.510).[1]

■ Plaintiff's first assignment of error attacks this conclusion of the trial court. Notice to creditors was published in the Daily Journal of Commerce in Multnomah County, Oregon for the first time on July 10, 1959 and for the last time on August 7, 1959. On September 1, 1960 defendant filed his final account and caused notice of the time and place for the settlement of said account to be published for the first time on September 2, 1960 and the last time on September 30, 1960, giving notice that October 3, 1960 was the time fixed for the settlement of the final account. Plaintiff presented his claim to the administrator on April 27, 1961.

Plaintiff contends that he is not barred under ORS 116.510 because he did not receive notice sufficient to apprise him that the estate was being administered and that his claim would be barred if not presented within a stated time. It is plaintiff's position that the mere publication of notice to creditors does not satisfy the constitutional guarantee of due process (U. S. Constitution, Art. XIV, § 1) (Oregon Constitution, Art. I, § 10) if the administrator knows the name and address of a creditor. Plaintiff contends that under the principle announced in *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306, 70 S Ct 652, 94 L Ed 865 (1950),

---

[1] ORS 116.510. "A claim not presented within six months after the first publication of the notice is not barred, but it cannot be paid until the claims presented within that period have been satisfied. If a claim is not then due, or if it is contingent, it shall nevertheless be presented as any other claim. Until the final account is filed, a claim against the estate not barred by the statute of limitations may be presented, allowed and paid out of any assets then in the hands of the executor or administrator not otherwise appropriated or liable."

if the administrator knows the name and address of a creditor who is not likely to see the publication, the administrator must notify him directly.

We shall not attempt to explore the various circumstances under which the *Mullane* doctrine is applicable to probate proceedings.[⑦] It is enough to say that we do not regard the doctrine as applicable to the present case.

In a letter dated September 17, 1959 defendant informed plaintiff: "I have been appointed administrator by Circuit Judge for Oregon." This was sufficient to apprise plaintiff of the fact that the estate of William Driskell was being administered. Having this notice it was up to plaintiff to timely file his claim. It is not the administrator's duty to explain to a creditor the hazards of delay, whether that hazard is the general statute of limitations or the specific statute of nonclaim. We do not believe that the *Mullane* case was intended to carry the requirement of notice that far.[⑧] We hold that plaintiff received notice sufficient to satisfy the constitutional requirement of due process.

---

[⑦] In re Pierce's Estate, 245 Iowa 22, 60 NW2d 894 (1953); In re Shew's Estate, 48 Wash2d 732, 296 P2d 667 (1956); New York Merchandise Co. v. Stout, 43 Wash2d 825, 264 P2d 863 (1954); Note, 70 Harv L Rev 1257, 1269 (1957); Comment, 50 Mich L Rev 124 (1951); O'Dea, Adequacy of Notice-Due Process, 32 Wash L Rev 165 (1957).

[⑧] Nor does City of New York v. N. Y., N. H. & H. R. Co., 344 US 293, 297, 73 S Ct 299, 97 L Ed 333 (1953) impose such a requirement. In that case the statute required that "reasonable notice" be given to creditors. The court held that "[w]hen the judge ordered notice by mail to be given the appearing creditors, New York City [the complaining creditor who had not appeared] acted reasonably in waiting to receive the same treatment." In the case at bar, since the statute requires notice by publication only, plaintiff had no justifiable expectation that he would receive notice directly.

■ Plaintiff further argues that defendant was estopped by his conduct from relying upon the nonclaim statute. Assuming, without deciding, that an administrator can be estopped to assert the nonclaim statute, we do not find sufficient grounds in the present case to work an estoppel against defendant. Much is made of the fact that defendant wrote to plaintiff in a manner expressing not only friendship but a closer fraternal tie. This is true. But there was nothing in defendant's correspondence which in any way suggested that plaintiff should not present his claim, nor is there anything tending to cause plaintiff to delay the processing of his claim in the administration of the estate. We find no estoppel.

Plaintiff finally argues that the statute of nonclaim did not run because the "final account" filed by defendant was not in fact a final account. To establish this point plaintiff points to various matters which had not been completed at the time the "final account" was filed. Among other deficiencies in the final account it is shown that proof of publication of notice to creditors was not filed until ten months after the filing of the "final account"; that no application for an income tax release from the Oregon State Tax Commission had been submitted; that contrary to Rule 93 of the Multnomah County Probate Rules the "final account" indicated that a certificate from the depository bank showing the current balance had not been attached to the account itself; that no order was taken setting the fees of the administrator; that the "final account" did not reveal the amount of inheritance tax paid, and that it did not contain vouchers for various payments. Other deficiencies are recited.

■ The fact that a final account fails to include an item does not, of course, render it a nullity as a final

account. If the final account fails to include an item of accounting, persons interested in the estate, including creditors, are notified that they have an opportunity to object to the final account at a time set in the notice. ORS 117.610 to 117.620. Plaintiff, having failed to file his claim within the period allowed, was not eligible to object to the final account on the ground that it was incorrect.[1] Plaintiff, however, contends that the "final account" is so deficient that it never became a final account for any purpose. The trial court entered a decree allowing the final account. ORS 117.630 provides that "[s]uch decree in any other action, suit or proceeding between the parties interested or their representatives is primary evidence of the correctness of the account as thereby allowed and settled." This statutory presumption of the validity of the account was not overcome by plaintiff's evidence. The alleged deficiencies recited by plaintiff were minor in character and did not render the final account a nullity.

The judgment of the lower court is affirmed.

## ON REHEARING

---

[1] ORS 117.620.

---

Morton A. Winkel of Reinhardt, Coblens & Stoll, Portland, for the petitioner.

No appearance contra.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

In our original opinion we stated that "[t]he trial court entered a decree allowing the final account." As plaintiff points out in his petition for rehearing, that decree was not entered. Therefore, the presumption created by ORS 117.630 and relied upon in the

original opinion does not arise. But even without the benefit of the statutory presumption the account filed by the administrator of the estate was sufficient to constitute a final account. The trial judge in the present case (who also sat in probate in the administration of this estate) was of the opinion that the account constituted a final account. He rejected plaintiff's request for a finding of fact and conclusion of law to the effect that the account filed was not a final account. Therefore, the judgment in this case was a judicial recognition that the account qualified as a final account. In our opinion that conclusion was not rebutted by the evidence adduced by plaintiff purporting to show that the account did not satisfy the requirement for a final account.

The other grounds for the petition for rehearing are without merit.

The petition is denied.