462 P.2d 858

**BRUNELL LEASING CORPORATION, an Arizona corporation, Appellant,**

v.

**Nettie WILKINS as Executrix of the Estate of Berne W. Wilkins, deceased; and Nettie Wilkins, as an individual, Appellee.**

**No. I CA–CIV 948.**

Court of Appeals of Arizona.
Division 1.
Dec. 22, 1969.

William T. Holcomb, Scottsdale, for appellant.

Bentley & Reiss, by Barry A. Reiss, Phoenix, for appellee.

KRUCKER, Chief Judge.

Plaintiff-appellant, Brunell Leasing Corporation, instituted a suit against Nettie Wilkins, as Executrix of the Estate of Berne W. Wilkins, deceased, for overdue rentals under a lease, and individually on a guaranty signed by Berne Wilkins to which it was alleged he forged the signature of his wife, Nettie Wilkins. Mrs. Wilkins' motion for summary judgment was granted, hence this appeal.

Construing the facts in a light most favorable to the party opposing the motion,

namely the plaintiff, they are as follows. Brunell Leasing Corporation and Berne Wilkins entered into a written lease of office space and equipment for $18,900. At the same time, Brunell Leasing assigned the right to payments to the Union Bank with recourse. In addition, Berne Wilkins and his wife executed a guaranty agreeing to pay the plaintiff's separate indebtedness to the bank. Plaintiff also claims the guaranty secured the rentals, although it does not so appear from the writing in the record. Two installments under the lease were not paid. Plaintiff, being required to pay off its obligation to the bank, took possession of the leased personalty, sold it at auction, and brought this action for the amount still owing.

Initially, plaintiff filed its claim with the estate of the deceased. However, the four months for filing of claims had expired as of April, 1966, so plaintiff's claim filed September 23, 1967, was rejected.

In July, 1966, Nettie Wilkins first made known that her signature on the guaranty was a forgery. The complaint filed in the instant action set forth three causes of action. The first alleged breach of the lease and requested the deficiency. The second cause of action is against the estate of Berne Wilkins for fraud and deceit based on the forged guaranty. The third cause of action is against Nettie Wilkins individually on the grounds that she knew of the claim made and is estopped to assert a forgery defense.

Summary judgment against the plaintiff as to all three causes of action was granted. Plaintiff's appeal attacks the judgment only as to the second cause of action against the estate for fraud and deceit based on the forged guaranty. The following allegations of error are set forth:

(1) A.R.S. § 14–570, which sets forth procedures of giving notice to creditors in probate is unconstitutional in that it fails to give sufficient notice, binds a party not before the court and a claim not before the court.

(2) The claim, based on fraud and deceit, is not barred by the statute as it only applies to claims in contract.

Plaintiff's first allegation of error, while a new question for the State of Arizona, has been long settled in many states and recently settled elsewhere, using the identical arguments presented here. Plaintiff primarily maintains that Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), should be applied to invalidate A.R.S. § 14–561.[1]

In California, this question was decided in the case of In re Davis' Estate, 136 Cal. 590, 69 P. 412 (1902). The court held that probate proceedings are essentially proceedings *in rem* and that notice by publication was sufficient to satisfy due process requirements. See also, Rice v. Tilton, 14 Wyo. 101, 82 P. 577 (1905).

More recently, three appellate courts have been confronted with the *Mullane* arguments, and in each case, the court has held *Mullane* inapplicable to probate nonclaim statutes. Continental Coffee Co. v. Estate of Clark, 438 P.2d 818 (Nev.1968); New York Merchandise Co., Inc. v. Stout, 43 Wash.2d 825, 264 P.2d 863 (1953);

---

1. "§ 14–561. *Notice to creditors; removal of personal representative for failure to give notice*
   A. The executor or administrator immediately upon appointment shall publish in a newspaper in the county, or if there is no newspaper in the county, in a newspaper designated by the court, a notice to creditors of decedent requiring persons having claims against the estate to exhibit them with necessary vouchers to the executor or administrator at his residence or business address specified in the notice within four months from date of first publication of the notice. The notice shall be published once each week for four successive weeks. If the executor or administrator resigns or is removed before the time for presenting claims as stated in the notice, his successor shall give notice only for the unexpired time allowed for such presentation.
   B. If the executor or administrator neglects for two months after appointment to give notice to creditors, the court shall revoke his letters."

Chalaby v. Driskell, 237 Or. 245, 390 P.2d 632, 391 P.2d 624 (1964).

We believe that the reasoning in these cases is persuasive and that claims rejected for failure to comply with statutory non-claim procedures are appropriately foreclosed in the interests of an orderly termination of a decedent's estate. We also see no constitutionally impermissible procedure in providing for notice by publication in proceedings in rem which ultimately settle claims of claimants not before the court. See, Note, 70 Harv.L. Rev. 1257 (1957); Comment, 50 Mich.L. Rev. 124 (1951); 32 Wash.L.Rev. 165 (1957).

Plaintiff's second allegation actually consists of two parts. First, there is the question of whether tort claims are required to meet the non-claim statute time limits. Second, there is the question of whether plaintiff's action in fraud and deceit was properly determined by summary judgment.

As to the first question, the Arizona courts have been squarely faced with it at least two times and have held that the four-month requirement of A.R.S. § 14–561 does not apply to tort actions, but is expressly limited to contract actions. Brainard v. Walters, 85 Ariz. 60, 331 P.2d 595 (1958); State ex rel. Industrial Commission v. Smith, 6 Ariz.App. 261, 431 P.2d 902 (1967). See also, 1 Ariz.L.Rev. 317, at 319 (1959).

The plaintiff's second cause of action sought punitive and compensatory damages against the estate for the decedent's fraudulent use of a forged signature on the guaranty. The claim is in tort and is not barred by A.R.S. § 14–561.

Plaintiff also contends the granting of the motion for summary judgment was improper while defendant argues there were two different grounds upon which the motion for summary judgment was proper. We address ourselves only to defendant's argument that no cause of action was stated and the motion was properly granted.

A motion for summary judgment strikes at two essentials of a claim. It says that as a matter of law there is no material issue of fact *or* that no valid claim for relief was made. Defendant therefore argues that plaintiff failed to state a valid claim. This question was raised at the time of the motion and is also appropriately presented here.

We believe that the second cause of action did not state a valid claim for relief. Defendant signed a guaranty covering plaintiff's indebtedness to the bank which is in the record. That guaranty did not guarantee the lease payments; it only guaranteed plaintiff's debt to the bank. As guarantors of plaintiff's debt, the Wilkins would be entitled to reimbursement from plaintiff if they paid the debt. In fact, if the guaranty signatures had been valid, plaintiff still would have had the primary obligation to pay.

Plaintiff does state in the cross motion for summary judgment that another version of the lease transaction explains the above. It contends that the guaranty was to cover both rentals and the bank indebtedness. However, this version is not found in a sworn pleading. Without producing evidence, such as a written guaranty of the rentals or an affidavit, plaintiff cannot assert its version of the transaction. It had a duty, in opposing the motion for summary judgment, to offer something other than a simple denial to refute the evidence presented, and it did not do so. Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712 (1953); Nyberg v. Salt River Project Agricultural Improvement and Power District, 91 Ariz. 397, 372 P.2d 727 (1962); 3 Barron & Holtzoff, Federal Practice and Procedure § 1235, at 146.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.