CONTINENTAL INSURANCE COMPANY, Appellant, *v.* SISTER RICCARDA MOSELEY, EXECUTRIX OF THE ESTATE OF AUDRAIN MAVIS-MARIE OLIVER, Respondent.

No. 13308

THE CONTINENTAL INSURANCE COMPANIES, Appellant, *v.* JEAN HOOPER STEVENS and AUDREY OLIVER, Respondents.

No. 13432

November 12, 1982                    653 P.2d 158

*Semenza and Lutfy,* Reno, for Appellant.

*Cooke, Roberts & Reese,* and *Fry, Fry & Ihara,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In August of 1980, Audrain Mavis-Marie Oliver died testate, naming Sister Riccarda Moseley as executrix. Sister Riccarda

Moseley, through her attorney, petitioned for probate of the will and for summary administration. On September 26, 1980, the district court entered an order admitting the will to probate, directing the issuance of letters testamentary and ordering summary administration.

On September 30, 1980, letters testamentary were issued and the notice to creditors was filed. The notice to creditors was published in the newspaper on October 4, 9 and 14, 1980, and the proof of publication was filed on October 20, 1980.

At the time of the decedent's death, there was a civil action pending against her which had been filed by appellant Continental. The action was filed against the decedent under the name of Audrey Oliver. Appellant received notice of Oliver's death on December 3, 1980, the last day for filing claims against her estate. However, appellant filed its claim (the subject of the civil proceeding) against Oliver's estate on December 5, 1980, two days after the time for filing claims had expired.

Subsequently, on December 9, 1980, appellant filed a motion in the civil proceeding seeking to substitute respondent Sister Riccarda Moseley for Audrey Oliver. The lower court denied appellant's motion on the ground that the motion was not timely filed. Appeal No. 13432 is from the denial of this motion.

On January 6, 1981, appellant Continental filed in the probate proceeding a motion to compel the executrix to publish notice to creditors. The district court entered its order denying Continental's motion to compel republication and declared appellant's claim forever barred. Appeal No. 13308 is from this order.

Appellant's primary contention is that the publication of notice to creditors is insufficient under constitutional standards of procedural due process. Thus, we are asked to reverse the lower court's decisions in both the civil and probate proceedings. For reasons hereinafter set forth, we reject appellant's contention, and affirm the decisions below.

In an estate proceeding, if the district court determines that the gross value of the estate does not exceed $60,000, the court may order summary administration of the estate. NRS 145.040. When summary administration is ordered, as in the present case, notice to creditors of the appointment of an executor or administrator must be published. NRS 145.050. In addition, NRS 145.060 requires creditors of the estate to file their claims "within 60 days after the first publication of the notice to creditors." NRS 145.060 further provides: "Any claim which is not filed within the 60 days, shall be barred forever." It was based upon this latter provision that the district courts denied appellant's motions.

Appellant concedes that the notice to creditors complied with the statutory requirements of NRS 145.050. Appellant also admits that it received notice of Oliver's death on December 3, 1981, which was the last day to file claims. It is nonetheless contended that mere compliance with the statutory notice provision does not satisfy the due process requirements of the constitution. We do not agree.

It is the policy of the law of Nevada with respect to summary administration of estates to provide an expeditious and comparatively unencumbered means of accomplishing estate administration. Such a policy is reasonable considering the size of estates within the purview of NRS ch. 145. It is therefore consistent with the policy of the law governing such estates that notices to creditors are somewhat circumscribed. If the cost of newspaper publication exceeds $25, the court is vested with power to authorize some other less costly means of providing notice.[1] In addition, the nonclaim period is reduced from 90 to 60 days from the date of first publication of notice and there is no "savings" provision which would exculpate creditors who proved lack of notice as provided by the statute.[2] We thus see a balancing of the interests of a decedent's heirs, devisees and legatees in the summary administration of their decedent's estates and the interests of creditors and claimants who seek access to the assets of such an estate.

The leading case on the requirements of due process in giving notice of a pending legal proceeding is Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). In *Mullane,* the following general principle was expressed:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pending of the action and afford them an opportunity to present their objections
> . . .

We conclude that under all the circumstances here present, published notice pursuant to NRS 145.050 was reasonably and sufficiently calculated to provide actual notice to appellant. The statute is quite clear and specific in regard to notice requirements. Furthermore, appellant did actually receive notice within the 60 day period, albeit on the last day for filing claims, as contemplated by the statute.

[1]NRS 145.050(2).

[2]In contrast to creditors in estates under summary administration, creditors filing claims in large estates enjoy a "savings" provision in the event of a late filing. NRS 147.040(2).

Having concluded that NRS 145.050 does satisfy due process requirements, we now turn to the lower court's determination that appellant's claim was forever barred under NRS 145.060. The latter statute clearly mandates that all claims be filed within 60 days or be barred forever. We have previously held that Nevada statutes relating to the filing of claims are designed to foster the efficient and expedient administration of estates, and where the statute is plainly written, it should be enforced in accordance with its terms. Gardner Hotel Sup. v. Estate of Clark, 83 Nev. 388, 432 P.2d 495 (1967). Therefore, the district court did not err in barring appellant's claim despite the resultant hardship. As we stated in Klosterman v. Cummings, 86 Nev. 684, 687, 476 P.2d 14 (1970): "Whenever the legislature enacts a statutory bar to an action someone at some time may suffer. We cannot judicially legislate to alleviate a harsh result occasioned by a legislative enactment."

Accordingly, the orders of the lower courts are affirmed.

GUNDERSON, C. J., and MANOUKIAN, MOWBRAY, and STEFFEN, JJ., and FONDI, D. J.,[3] concur.