CONTINENTAL INSURANCE COMPANY, Appellant, *v.* SISTER RICCARDA MOSELEY, EXECUTRIX OF THE ESTATE OF AUDRAIN MAVIS-MARIE OLIVER, Deceased, Respondent.

No. 13308

THE CONTINENTAL INSURANCE COMPANIES, Appellant, *v.* JEAN HOOPER STEVENS and AUDREY OLIVER, Respondents.

No. 13432

June 26, 1984                                         683 P.2d 20

*Semenza and Lutfy,* Reno, for Appellant.

*Cooke, Roberts & Reese,* and *Fry, Fry, & Ihara,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In Continental Ins. Co. v. Moseley, 98 Nev. 476, 653 P.2d

338

158 (1982), this court affirmed two district court orders. In No. 13432, the district court had denied appellant's motion to substitute the executrix of the decedent's estate for the decedent, on the ground that the motion to substitute was not timely filed. In No. 13308, the district court had denied appellant's motion to compel republication to creditors and had declared appellant's claim forever barred.

The United States Supreme Court granted appellant's petition for a writ of certiorari. The Court vacated this court's opinion and remanded to this court for further consideration in light of Mennonite Bd. of Missions v. Adams, 462 U.S. ......, 103 S.Ct. 2706 (1983).

In this case, the estate had actual knowledge of appellant's claim against the decedent; appellant was listed in the petition for summary administration. Nevertheless, the estate took no steps to notify appellant of the probate proceedings other than publishing notice pursuant to NRS 145.050. The issue presented by this appeal, therefore, is whether the estate's complete reliance on supplying notice by publication in these circumstances complied with the requirements of due process.

The guiding principle to be applied was expressed in Mullane v. Central Hanover Tr. Co., 339 U.S. 306 (1950):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . .

339 U.S. at 314.

In *Mennonite,* the Supreme Court applied this principle and found that mere constructive notice afforded inadequate due process to a readily ascertainable mortgage holder. Given the facts of this case and the holdings in *Mennonite* and *Mullane,* we conclude that more than service by publication was required in order to afford due process to appellant. We therefore reverse the orders of the district courts and remand these matters for further proceedings consistent with this opinion.

MANOUKIAN, C. J., MOWBRAY, STEFFEN, and GUNDERSON, JJ., and FONDI, D. J.[1], concur.

---

[1]The Governor designated The Honorable Michael E. Fondi, District Judge of the First Judicial District Court, to sit in the place of THE HONORABLE CHARLES E. SPRINGER, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.