526 So.2d 745 (1988)
The PUBLIC HEALTH TRUST OF DADE COUNTY, Florida d/b/a Jackson Memorial Hospital, Inc., Appellant,
v.
The ESTATE OF Ernest O. JARA, and David M. Gonshak, As Personal Representative of Ernest O. Jara, Deceased, Appellees.
Nos. 87-1302, 87-1310.
District Court of Appeal of Florida, Third District.
May 31, 1988.
Rehearing Denied July 11, 1988.
Hayt, Hayt & Landau and Alan M. Fisher and Steven D. Ginsburg, Miami, for appellant.
Gonshak & Gonshak and Evan J. Gonshak, Miami, for appellees.
Before BASKIN, FERGUSON and JORGENSON, JJ.

NEW OPINION ON RECALL OF MANDATE
PER CURIAM.
This appeal is brought from an order denying a motion for an extension of time to file a claim against the estate of Ernest O. Jara, deceased, pursuant to Florida's nonclaim statutes, sections 733.212 and 733.702, Florida Statutes (1987). In both of the cases consolidated for this appeal, the court determined that (1) no good reason was shown why the claims were not filed within the three-month period provided by the statutes, and (2) notice to the appellant, by publication, of the commencement of probate proceedings was constitutionally sufficient.
The issue, as phrased by the appellant, is whether sections 733.212 and 733.702 violate the notice requirements of the due process clause of the fourteenth amendment of the United States Constitution by not requiring notice by mail to known creditors of an estate.
After the appeal was argued in this court, the United States Supreme Court decided Tulsa Professional Collection Services, Inc. v. Pope, ___ U.S. ___, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), which holds that where the creditor's identity is known, or is readily ascertainable, the due process clause of the fourteenth amendment requires that the creditor be given notice of the commencement of probate proceedings by mail or by such other means as certain to insure actual notice. This case is not factually distinguishable from Pope.
On remand the trial court should determine whether the identity of the appellant *746 was known or readily ascertainable to the personal representative.
Reversed and remanded.