BOOTH, Judge,
dissenting:
I respectfully disagree with the majority view that Rule 5.495, Florida Rules of Probate and Guardianship Procedure, applies *705 and precludes the trial court from granting an extension for filing the claim. I am also concerned that the majority implicitly equates “actual knowledge” with “actual notice,” the latter being required to be served by one using state action to cut off protected rights. Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
The Pope case holds unconstitutional an Oklahoma statute of nonclaim similar to Florida’s on the ground that the notice by publication which the statute required denied due process to known creditors. Section 733.702, Florida Statutes, is thus invalid as a basis for terminating the claim of a known creditor. Pope has been applied to pending cases in Florida. See, e.g., Estate of Jara, 526 So.2d 745 (Fla. 2d DCA 1988); and see Estate of Kopely, 159 Ariz. 391, 767 P.2d 1181, 1183 and n. 3 (Ct.App.1989).
On September 1,1988, decedent Hill died. First publication of notice to creditors was September 28, 1988. The three-month non-claim period expired December 28, 1988, without the claim of appellee being filed. Under Pope, supra, these proceedings clearly were without effect as to appellee’s claim, since published notice was ineffective to commence the running of the limitation period. See In re Estate of Barnett, 549 So.2d 1166 (Fla. 4th DCA 1989); Estate of Jara, supra.
Effective January 1, 1989, Rule 5.495 was adopted without expressly providing for a retroactive effect. In the related “Pope ” amendment to Rule 5.240, the committee note provides as follows:[4]
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, [485 U.S. 478] 108 S.Ct. 1340 [99 L.Ed.2d 565] (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of F.S. 733.702.
On the date the amended rule became effective, the time for filing under Section 733.702, Florida Statutes, had expired. However, appellee’s claim was not barred. No notice had been served on appellee to commence the running of any nonclaim period. There was no statutory nonclaim period applicable. “[C]reditors who are entitled to notice but do not receive it should be left in the same position as they were in before the death.” M. Reutlinger, State Action, Due Process, and the New Non-claim Statutes, 24 Real Property Probate & Trust Journal 433, 466 (Winter 1990).
I suggest that the majority’s view that the filing of the claim is the operative event, thereby allowing the new rule to operate “prospectively,” is untenable from either a constitutional or practical point of view. Rule 5.495 cannot apply to pending proceedings to cut off the protected property interest of a known creditor. The rule itself does not purport to apply to claims pending prior to its effective date, and it should not be so interpreted. Validity vel non of the new rule as applied prospectively to proceedings commenced after its effective date is not before us.
Even were we to “apply” the new rules, however, affirmance is still required for any of the following reasons:
a. Appellee’s claim was not time-barred when the new rules came into effect. Appellant did not at any time give notice as required by new Rule 5.240; therefore, ap-pellee was not required to comply with new Rule 5.495 and obtain an extension in order to pursue its claim.
b. The trial court found that appellee did not know the critical dates of the non-claim period. Appellee’s “actual knowledge” was therefore incomplete and not equivalent to the notice appellant was required to serve. Falender, “Notice to Creditors,” 63 N.C.Law Rev. 659, 701 at n. 237, 703-704 (1990). Under the rule, an extension was properly allowed on that basis.
*706 c. The trial court’s discretion was properly exercised in finding excusable neglect in view of the state of the law with no valid statutory procedure and uncertainty as to applicability of the new rules.
Appellant equates “notice” and “knowledge.” However, review of the decision of the United States Supreme Court in Pope, supra, and cases on which that case is based,[5] establish that the requirements of actual notice are not obviated by the actual knowledge of one entitled to receive the notice. Service of the notice is jurisdictional.
The creditors in Mennonite Board of Missions, Inc. v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), Continental Insurance Company v. Moseley, 463 U.S. 1202, 103 S.Ct. 3530, 77 L.Ed.2d 1383 (1984), and Pope, supra, had actual knowledge of facts and proceedings affecting their rights. Nonetheless, the United States Supreme Court did not excuse the failure to give actual notice. Those cases, therefore, support the general rule that knowledge is not a substitute for notice required to be furnished by the party seeking to affect protected rights.
In Pope, the creditor was the collection agency for the hospital where the decedent had received his last medical services. The Supreme Court of Oklahoma (733 P.2d 396, 399 (1986)) rejected out-of-hand the lower state court’s ruling that excused the estate from providing actual notice to the hospital because the hospital made no showing that it did not have actual knowledge of the pendency of the estate.[6] This ruling was not reversed by the United States Supreme Court’s remand.
The United States Supreme Court, noting conflict between the Oklahoma Supreme Court decision in Pope[7] and the Nevada Supreme Court decision in Continental Insurance Company v. Moseley, 100 Nev. 337, 683 P.2d 20 (1984), accepted jurisdiction and reversed and remanded, holding (485 U.S. at 486-488, 108 S.Ct. at 1345-1347): (1) that the creditors’s unsecured claim was an “intangible interest in property protected by the Fourteenth Amendment from deprivation by state action”; (2) that “state action” is involved in the operation of the Oklahoma nonclaim statute because, unlike a self-executing statute of limitations, the nonclaim statute requires the involvement of the probate court to activate the statutory time bar; and (3) that the protected property interest is adversely affected, because untimely claims are forever barred.
In Pope, supra, the United States Supreme Court remanded for determination as to whether the creditor’s claim was known or ascertainable by appellee’s reasonably diligent efforts, and concluded (485 U.S. at 491, 108 S.Ct. at 1348):
[I]f appellant’s identity as a creditor was known or “reasonably ascertainable,” then the Due Process Clause requires that appellant be given “[njotice by mail or other means as certain to ensure actu *707 al notice.” Mennonite, supra, at 800, 103 S.Ct., at 2712 [8]
The determination in Pope, supra, that statutes such as Oklahoma’s are jurisdictional statutes of nonclaim[9] rather than statutes of limitations, brings into operation established law governing notice. The general rule is that a party entitled to receive actual notice of impending state action is not precluded from challenging the statute and the proceedings by the fact that the party has actual knowledge acquired informally or extrajudicially, as stated in 16A American Jurisprudence 2d, Constitutional Law at Section 830, as follows: [10]
Actual knowledge cannot operate as a substitute for notice required by due process of law; hence, extraofficial or casual notice is not sufficient. The statute itself must, to be constitutional, specifically require notice.
Due process notice requirements are not dependent on the knowledge and/or sophistication of the party entitled to receive the notice. On the contrary, once the court has established that there is state action affecting a constitutionally-protected interest, the notice required under due process requirements is the same for all persons having that protected interest.
In Mennonite Board of Missions, Inc. v. Adams, supra, the United States Supreme Court held invalid the constructive notice provisions of a tax sale statute as to a mortgagee of the affected property. The state appellate court[11] had upheld the statutory notice based in part upon an earlier case holding notice by publication was sufficient as to sophisticated creditors. In reversing, the United States Supreme Court held:[12]
Personal service or mailed notice is required even though sophisticated creditors have means at their disposal to discover whether property taxes have not been paid and whether tax sale proceedings are therefore likely to be initiated. In the first place, a mortgage need not involve a complex commercial transaction among knowledgeable parties, and it may well be the least sophisticated creditor whose security interest is threatened by a tax sale. More importantly, a party’s ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation.
It is important to note that the Illinois Supreme Court in Mennonite rejected the mortgagor’s other argument, that the creditor’s actual knowledge eliminated the need for notice, and held that knowledge obtained “by means other than notice given under the ... statutes is not pertinent.” [13]
*708 In Continental Insurance Company v. Moseley, 98 Nev. 476, 653 P.2d 158 (1982), the Nevada Supreme Court, affirming the lower state court’s dismissal of a late-filed claim, held that Nevada’s notice-by-publication statute satisfied due process requirements and, in addition, that the creditor had actual knowledge of the decedent’s death. The United States Supreme Court granted certiorari and remanded [463 U.S. 1202, 103 S.Ct. 3530, 77 L.Ed.2d 1383 (1984) ], directing that the Nevada Supreme Court reconsider its holding in light of Mennonite, supra. On remand, the Supreme Court of Nevada reversed the dismissal of the claim and held that notice by publication was insufficient.[14] Thus, the Pope, Mennonite, and Moseley cases required notice be served despite the creditor’s actual knowledge of the critical events.
Further, it is clear under Florida law that there must be strict and full compliance with due process notice requirements. In Henry v. Department of Administration, Division of Retirement, 431 So.2d 677 (Fla. 1st DCA 1983), this court held that notice mailed to the affected party by the agency that referred generally to rights under Chapter 120 but did not expressly inform the party of his right to request a hearing and the time limits for doing so, was inadequate to “trigger” commencement of the statutory period within which to seek a hearing, holding in part (431 So.2d at 431):
The requirements for such notice are objective rather than subjective in nature, and apply regardless of actual or presumed notice of agency action, as stated in Wahlquist [v. School Board of Liberty County,] 423 So.2d [471], at page 473:
This court has recently reaffirmed the rule that actual notice of agency action which does not inform the affected party of his right to request a hearing and the time limits for doing so, is inadequate to “trigger” the commencement of the administrative process.
Thus, the sufficiency of the notice is not affected by the actual knowledge of the recipient. Appellee’s contention that, because appellant is an attorney, a different standard applies in determining sufficiency of notice is also devoid of merit.
Accord, Guerra v. State, Department of Labor, 427 So.2d 1098 (Fla. 3d DCA 1983); Sterman v. Florida State University Board of Regents, 414 So.2d 1102, 1104 (Fla. 1st DCA 1982), and City of St. Cloud v. Department of Environmental Regulation, 490 So.2d 1356, 1358 (Fla. 5th DCA 1986).
The content of a notice satisfying due process requirements is stated in Martin v. Dugger, 686 F.Supp. 1523, 1562 (S.D.Fla.1988), as follows:
At the very least, due process requires that notice be sufficient to inform someone of the pendency of an action. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). This alone, however, may not be sufficient, for notice must be sufficient to provide a person with a meaningful opportunity to be heard, [citations omitted] [T]he particular notice that is required is dependent upon the nature of the proceeding, [citations omitted]
For this reason, the particular type of notice required differs from one situation to the next. In the bankruptcy context, the mere giving of notice that informs a creditor of the pendency of the action is insufficient. Under the bankruptcy law, a creditor has a set time in which to file a claim. The sending of notice without informing the creditor of the *709 time frame in which to file a claim violates fundamental fairness, [emphasis added]
Here, appellee was not given notice of the “time frame” within which to file its claim. Appellant did not serve actual notice on appellee, and appellee’s knowledge, acquired informally, was incomplete, being even less than the information prescribed to be given under Sections 733.701 and 733.212, Florida Statutes, for constructive notice by publication. Assuming that a party could waive his rights to notice required by due process, appellant has not asserted waiver and none is inferable on the facts here.
The judgment below should be affirmed.

. 537 So.2d at 520-522.

.The first of the three principal cases leading to the Pope decision is Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 319, 70 S.Ct. 652, 659-660, 94 L.Ed. 865 (1950), wherein the United States Supreme court reversed the state court decision and held notice by publication of judicial settlement of trust accounts was insufficient as to known beneficiaries, holding in part as follows:
The statutory notice to known beneficiaries is inadequate, not because in fact it fails to reach everyone, but because under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand. However it may have been in former times, the mails today are recognized as an efficient and inexpensive means of communication.

. Tulsa Professional Collection Services v. Pope, 733 P.2d 396, 399 (Okla.1986):
The Court of Appeals’ disposition of appellant’s argument on the grounds that there was no evidence to support a finding that appellant did not have actual notice is also erroneous. We have previously noted that the burden of affording proper notice rests on the party whose responsibility it is to give that notice. And, since the operation of the non-claims provisions result in the forfeiture of what might otherwise be meritorious claims, the burden of pleading and proof regarding compliance with the provisions properly rests on one claiming the benefit of those provisions.

. Tuba Professional Collection Services v. Pope, 733 P.2d 396 (Okla.1986).

. Holding the case was "not factually distinguishable from Pope," the Third District Court of Appeal withdrew its original opinion in The Public Health Trust of Dade County, Florida v. The Estate of Ernest O. Jarra, 13 F.L.W. 621 (Fla. 3d DCA March 8, 1988) (opinion withdrawn after the Pope decision), and rendered a new decision reported at 526 So.2d 745 (Fla. 3d DCA 1988).

. We note this court’s recent decision in In re Estate of Parson, 570 So.2d 1125 (Fla. 1st DCA 1990), citing Pope and stating: "[t]he Supreme Court held that an Oklahoma statute similar to Florida’s 1987 statute was a jurisdictional statute of nonclaim, not a statute of limitations.”

. Accord, 10 Florida Jurisprudence Constitutional Law § 376 (1979). Coe v. Armour Fertilizer, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027 (1915), held unconstitutional a Florida statute that provided for execution against a stockholder of debtor corporation without notice, rejecting the argument that the stockholder had actual knowledge and opportunity to seek a hearing, and holding in part as follows:
Nor can extra-official or casual notice, or a hearing granted as a matter of favor or discretion, be deemed a substantial substitute for the due process of law that the Constitution requires.

. Mennonite Board of Missions, Inc. v. Adams, 427 N.E.2d 686, 690 (Ind.Ct.App.1981).

. Mennonite Board of Missions, Inc. v. Adams, 462 U.S. 791, 799, 103 S.Ct. 2706, 2711-2712, 77 L.Ed.2d 180 (1983).

. The United States Supreme Court’s Mennonite opinion does not reverse the Indiana Supreme Court’s correct holding concerning a mortgagee’s actual knowledge of sale as a basis for ruling against the mortgagee’s challenge to the notice provision, viz. (427 N.E.2d at 688 n. 5):
[W]hether the mortgagee obtains knowledge of the tax sale by means other than notice given under the tax sale statutes is not pertinent to the issue presented. Again, the issue *708 presented in [First Federal Savings Association v.] Furnish [174 Ind.App. 265, 367 N.E.2d 596 (Ind.Ct.App.1977) ] and in this case is whether the tax sale statutes give sufficient notice. Whether the mortgagee obtains actual knowledge of the tax sale by means other than the operation of the statutes is not pertinent. The mortgagee in Furnish may well have obtained its actual knowledge of the tax sale when pursuing the reason for the delinquency of the mortgage payments. If so, such knowledge was obtained by means other than the operation of the tax sale statutes and is, therefore, not pertinent to the issue presented, [emphasis in original]

. Continental Insurance Company v. Moseley, 100 Nev. 337, 683 P.2d 20 (1984).