Collis BOSWORTH, et al., Appellants,

v.

Minnie SEWELL, et al., Respondents.

No. 78033.

Supreme Court of Missouri,
En Banc.

March 26, 1996.

Francis Hanna, Kansas City, for appellants.

Kevin Schehr and David A. Yarger, Versailles, for respondents.

PRICE, Judge.

Heirs to an estate appeal the dismissal of their will contest action, claiming the failure of the personal representative to provide them actual notice of the probate of a will precludes the § 473.083.1, RSMo 1994,[1] six-month statutory bar. We find the Missouri probate code requires actual notice to heirs of a decedent and failure to give such notice precludes the statutory bar to any heir without knowledge of the administration of the estate while the estate is open. As to appellants Allen and Lomax, we overrule the motion to dismiss, reinstate the will contest, and remand this case for trial. As to appellant Bosworth, we affirm because he failed to allege he did not know of the administration of the estate.

## I.

George A. Welsh, decedent, died on April 21, 1994. On May 4, 1994, his will was admitted to probate. The application for letters testamentary listed only the names and addresses of the devisees under the will. The first notice of the will's probate was published on May 12, 1994. Respondents are the devisees and the executor of the will.

1. All statutory references are to Missouri Revised Statutes, 1994, unless otherwise indicated.

On March 6, 1995, prior to the closing of the decedent's estate, appellant Collis Bosworth filed a petition to contest the will. Appellants Ralph E. Allen and Carroll K. Lomax moved to intervene. Apparently appellants will receive an intestate share of decedent's property if the will is declared invalid.[2] The circuit court sustained respondents' motion to dismiss because the will contest had not been brought within six months of the first publication of notice of the estate's administration, as required by § 473.083.1.

■ Appellants claim the § 473.083.1 bar is unconstitutional in light of *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (known or reasonably ascertainable creditors of decedent must receive mailed notice of probate of estate before claims are barred). We have exclusive jurisdiction over an appeal concerning the constitutional validity of a state statute. *Mo. Const. art. V, § 3.* However, because the Missouri probate code already mandates actual notice to heirs, we do not address *Pope* or the constitutionality of § 473.083. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 227 (Mo.banc 1982) (constitutional questions decided only when necessary to the disposition of case presented).

## II.

■ The process of probating a will begins with the application for letters testamentary. Under § 473.017, an application for letters shall state "the names, relationship to decedent, and residence addresses of the surviving spouse, heirs, devisees and legatees of the decedent." *§ 473.017.1(2).* An "heir" is defined as those persons who are entitled to property by intestate succession if a decedent dies without a will. *§ 472.010(14).* The statute requires the application to be as complete as possible. If the applicant believes there are other heirs or devisees whose names and addresses are unknown, the applicant must so state. *§ 473.017.1(2).* If new information becomes available to the appli-

cant, the applicant must promptly notify the court clerk in writing. *§ 473.017.2.*

As soon as letters testamentary are issued, the court clerk is required to publish notice of the appointment of the personal representative in a newspaper for four consecutive weeks. *§ 473.033.* The clerk must also "send a copy of the notice by ordinary mail to each heir and devisee whose name and address are shown on the application for letters or other records of the court." *Id.* Proof of publication and mailing of notice must be filed. *Id.* Therefore, if an applicant properly lists all heirs or devisees in the application for letters testamentary as required by § 473.017.1(2), they will receive actual notice of the probate proceedings.

The purpose of these statutory provisions is self-evident. The probate process is the opportunity for those individuals who have reason to challenge a will to present their claim. This can only be done, and the will can only be fairly validated, if those determined by law to be interested, "heirs", have notice of the proceeding.

## III.

■ Appellants are "heirs" and under § 473.017 their names and addresses should have been made available to the probate division. Respondent's application for letters, however, did not list them. The application contained only the names and addresses of the devisees under the probated will. All three appellants alleged in their pleadings that their identities were known or reasonably ascertainable to the respondents.

This Court has previously held that failure to provide the information required under § 473.017.1(2), resulting in faulty notice under § 473.033, does not preclude the time limitation for contesting a will under § 473.083.1. *Haas v. Haas*, 504 S.W.2d 44, 45 (Mo.1973). In *Haas* the son of the deceased, confined in prison, did not receive notice of the will's probate until after the six-month period to contest had passed because his address had not been listed in the application for letters. The Court characterized

---

2. All appellants claim to be descendants of decedent's grandparents. *§ 474.010(2)(c), RSMo* 1994. We do not address their standing to contest the will.

the time limitation as a "special statute of limitations," which fraud could not toll. *Id.* Because the right to contest a will is purely statutory, the legislature could extinguish the right within six months regardless of whether the proper probate procedures were followed. *Id.*

*Haas* ignores the interlocking nature of the Missouri probate code and the plain language of the statute. The administration of an estate "from the filing of the application for letters testamentary or of administration until the decree of final distribution and the discharge of the last personal representative is deemed one proceeding for purposes of jurisdiction." *§ 473.013.* It is a proceeding that provides transitional administration of an estate while a decedent's affairs are wrapped up. It transfers a variety of legal duties to a personal representative or executor, all of which are governed by separate sections of the code.[3] The personal representative cannot pick and chose which of the statutory mandates he or she will follow. The probate code was not meant to be read in fragments, but as a single process governing the administration of a decedent's estate. *State ex rel. Plymesser v. Cleaveland,* 387 S.W.2d 556, 559 (Mo.1965).

■ Compliance with §§ 473.017 and 473.033 is particularly relevant to § 473.083. The six-month window does not open until the rejection or probate of a will or the first publication of notice granting letters, whichever is later. *§ 473.083.1.* The application for letters is the first step in probating a will. Issuing the letters triggers the first publication notice. *§ 473.033.* Compliance with both statutes is essential to begin the six-month period to bring a will contest.

Even before *Pope*[4] the holding in *Haas* was criticized as depriving interested persons of their right to contest by condoning negligent or intentional omissions by personal representatives in their application for letters testamentary. Gary R. Cunningham, *Due Process—The Requirement of Notice in Probate Proceedings,* 40 Mo.Law Review 552, 561 (1975). The implications of the holding in *Haas* are particularly troubling considering the representatives of an estate are often devisees under the probated will. *§ 473.110.2(2).* There is little incentive for those gaining under a will to correctly identify potential will contestants knowing that under *Haas* their opponents' claims are barred after six months.[5]

*Haas* also hinders the legal rights of those unable to bring will contest actions on their own behalf. Under § 473.083.2 the probate judge is required to appoint a guardian ad litem for minors or incapacitated persons who may be interested in a will contest. Because *Haas* does not require the accurate completion of the application for letters under § 473.017, it is unclear how the court is to discover the existence of persons requiring aid.

■ We hold that the requirements of §§ 473.017 and 473.033 must be followed before the statutory bar of § 473.083 may be exercised to exclude a will contest in an open estate. To the extent *Haas* and the cases following it hold otherwise, they are overruled.

### IV.

■ Respondents assert that the statutory bar in § 473.083.1 is jurisdictional and even

---

3. The powers and duties of a personal representative include retaining and receiving assets, performing or refusing performance of contracts, executing deeds, paying expenses, maintaining property, voting stocks, insuring property, paying taxes, etc. *§ 473.810.* Collection and management of assets are governed by §§ 473.260 to 473.340. Payment of claims against the estate is governed by §§ 473.360 to 473.444, and §§ 473.457 to 473.537 govern the sale, mortgage, lease, and exchange of decedent's property.

4. Some commentators assume *Haas* would have been decided differently in light of *Pope.* Jeffrey T. Gramza, *Due Process Requires Actual Notice to*

*Known or Reasonably Ascertainable Estate Creditors,* 58 Cinn.L.Rev. 303, 320 (1989).

5. If a potential will contestant has enough evidence to prove their identities were fraudulently withheld, an action may be brought against the personal representative or anyone who benefitted from the fraud, regardless of innocence. *§ 472.013.* However, such an action would not necessarily restore the entire estate to the heir and is conditional upon enough evidence to prove fraud, and not merely a decided lack of effort in locating the names and addresses of ascertainable persons.

noncompliance with notice statutes cannot redeem an untimely contest. The statute, however, does not state the bar is jurisdictional, and the cases respondents cite to support their argument also admit the will contest statute is one of limitation and not one of jurisdiction. *Haas*, 504 S.W.2d at 46; *Brents v. Parrish*, 849 S.W.2d 63, 65 (Mo.App.1993); *Shaffer v. Cochenour*, 569 S.W.2d 320, 323 (Mo.App.1978). The Court in *Haas* did not declare that compliance with the statute was jurisdictional, but rather used the word "jurisdiction" to describe the statutory bar as stricter than most statutes of limitation, "more in the nature of a statute granting jurisdiction." *Haas*, 504 S.W.2d at 46.

Unfortunately, on occasion the term "jurisdiction" is used loosely by courts. *State v. Parkhurst*, 845 S.W.2d 31, 34–35 (Mo.banc 1992). This is true concerning this issue. Even though the six-month bar is exclusive of other statutes of limitations and has been strictly enforced by courts, absent any further guidance by the legislature it is not jurisdictional in the strictest sense.

## V.

### A.

Our decision merely enforces what is required under the statute. Section 473.017 mandates that the application of letters "shall state" the "names, relationship to decedent, and residence addresses of the surviving spouse, heirs, devisees and legatees of the decedent." *§ 473.017.1(2)*. Section 473.017.1(2) further states that "if applicant has reason to believe that ... there are other heirs or devisees but their names and addresses are unknown to him, he shall so state."

There is also a provision to supplement the application after letters have been granted "if the information contained in the application required by subsection 1 is not complete or is no longer correct." *§ 473.017.2.* Supplementation is mandatory and a representative with new information "shall communicate in writing promptly to the clerk such facts known to him as are necessary" to properly complete or correct the application. *Id.* Through this statute the legislature imposes an ongoing duty on the representative to assure notification of all interested parties.

■ We have a duty to read statutes in their plain, ordinary, and usual sense. *Hadlock v. Director of Revenue*, 860 S.W.2d 335, 337 (Mo.banc 1993); *§ 1.090.* Where there is no ambiguity, we cannot look to any other rule of construction. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 340 (Mo.banc 1991). There is no ambiguity in the present case. Section 473.033 requires mailed notification of all those individuals specified in § 473.017.1(2). If the personal representative fails to provide the names and addresses of heirs and devisees as required by the statute, the potential harm to the omitted party or parties far outweighs any inconvenience in delaying the closing of an estate.

### B.

■ In remanding this case we do not overlook the importance of finality in probate proceedings. It is the policy of Missouri that will contest actions be prosecuted expeditiously or not at all. *Kane v. Mercantile Trust Co. Nat'l Ass'n*, 513 S.W.2d 362, 365 (Mo.1974). A primary purpose of the in rem probate process is to definitively establish title to property. The final settlement of an estate has the conclusiveness of a final judgment and is impervious to collateral attack as the judgment of a court of general jurisdiction. *Rodewald v. Rodewald*, 297 S.W.2d 536, 539 (Mo.1957); *Saracino v. St. Louis Union Trust Co.*, 254 S.W.2d 600, 603 (Mo. 1952). We condition our holding in this case to contest actions brought after the six-month time period described in § 473.083, but before the final disposition of the estate.

### VI.

Appellants brought their contest action while the estate was open and pleaded that their names and addresses were known or reasonably ascertainable by the respondents. However, only appellants Allen and Lomax asserted that in addition to not receiving statutory notice they were "otherwise unaware of the opening of an estate." *L.F., 40.*

■ If a petitioner hopes to avoid a statute of limitations through an exception to

the statute, the pleadings must show the exception. *Wilbur Waggoner Equipment and Excavating Co. v. Clark Equipment Co.*, 668 S.W.2d 601, 602 (Mo.App.1984). A party who has received actual notice is not prejudiced by and cannot complain of the failure to receive statutory notice. *Larabee v. Washington*, 793 S.W.2d 357, 361 (Mo.App. 1990); *Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo.App.1984). In the present case, appellant Bosworth's claim was properly dismissed even if he was a known or reasonably ascertainable heir because he did not plead that he had no knowledge of the proceedings prior to the six-month bar.

Appellants Allen and Lomax, however, both pleaded that they did not know of the proceedings prior to the statutory bar. They attempted to intervene in the contest action before the estate was closed. We reverse the judgment and remand for further proceedings consistent with this opinion.

HOLSTEIN, C.J., and BENTON, LIMBAUGH and WHITE, JJ., concur.

ROBERTSON, J., concurs in result in separate opinion filed.

COVINGTON, J., concurs in opinion of ROBERTSON, J.

ROBERTSON, Judge, concurring in result.

For the reasons following, I can do no more than concur in the result reached by the principal opinion.

The principal opinion overrules *Haas v. Haas*, 504 S.W.2d 44 (Mo.1973), concluding that the failure to give actual notice as required by section 473.033, RSMo 1994, tolls the running of the statute of limitations for actions to contest a will, section 473.083.1, RSMo 1994, at least until the probate estate is closed. I find no fault in *Haas.* Indeed, *Haas* acknowledges what the principal opinion ignores: The right to contest a will is purely statutory. Section 473.083.1 admits no exceptions to its time bar. After the expiration of the six months within which a will contestant may bring an action, the trial court is without statutory authority to proceed under the statute. Finis.

In my view, section 473.083.1 is a legislative statement of the policy that expeditious resolution of the affairs of a decedent is both a legitimate and compelling interest of the state. That conclusion undoubtedly proceeds from the unfortunately anachronistic notion that heirs whose interests in the estate are as familial as they are fiscal would be aware of the death of the decedent and that actual notice would be redundant. But families are not what they used to be. Lucre is.

It is, therefore, not the "interlocking" nature of the probate code that compels the result the principal opinion reaches. It is the reading of the due process clause found in *Tulsa Professional Collection Serv. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). But for *Pope*, the state's interests in finality in probate matters would end the inquiry despite appellant's Fourteenth Amendment claim. *Cf. Cool v. Reed*, 717 S.W.2d 518, 520 (Mo.banc 1986); *Estate of Busch v. Ferrell–Duncan Clinic, Inc.*, 700 S.W.2d 86, 88–9 (Mo.banc 1985); *Haas;* 504 S.W.2d at 44.

Where state action threatens property rights, due process requires notice to affected persons "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). A cause of action—here a will contest—is a property right protected by the Fourteenth Amendment. *Id.* at 313, 70 S.Ct. at 656–57.

Prior to *Pope*, most courts that had considered the issue had held that a statute of limitations in a probate matter was self-enforcing. *See, e.g., Estate of Busch*, 700 S.W.2d at 88–89. They reasoned that a self-enforcing statute of limitations does not implicate state action and that the due process clause of the Fourteenth Amendment does not apply. On this basis, these courts routinely rejected due process attacks against probate statutes of limitations on that basis. *William B. Tanner Co. v. Estate of Fessler*, 100 Wis.2d 437, 302 N.W.2d 414 (1981); *Chalaby v. Driskell*, 237 Or. 245, 390 P.2d 632 (1964); *New York Merchandise Co. v. Stout*,

43 Wash.2d 825, 264 P.2d 863 (1953); *Gibbs v. Estate of Dolan,* 146 Ill.App.3d 203, 100 Ill.Dec. 61, 496 N.E.2d 1126 (1986); *Gano Farms, Inc. v. Estate of Kleweno,* 2 Kan. App.2d 506, 582 P.2d 742 (1978); *Contra, Continental Insurance Co. v. Moseley,* 100 Nev. 337, 683 P.2d 20 (1984).

*Pope* changed the analysis and declared that where a probate court's involvement in the running of the statute of limitations is "pervasive and substantial," 485 U.S. at 487, 108 S.Ct. at 1346, state action is present and the Fourteenth Amendment applies. The critical issue, then, is whether Missouri's probate scheme involves the court in such a pervasive and substantial way in the operation of the statute of limitations as to render it not self-enforcing.

In *Pope,* the Oklahoma probate statute of limitations did not run until probate proceedings commenced in the probate court and the court appointed the executor or executrix. Moreover, the court issued a form order directing the executrix to notify creditors of the pendency of the probate proceedings. *Pope* concluded that the probate court's "intimate" involvement in the process rendered the statute of limitations non-self-executing and applied the Fourteenth Amendment.

The Oklahoma probate scheme is not substantially different from Missouri's. The will contest statute of limitations does not begin to run until the probate division admits the will to probate. §§ 473.065 and 473.083.1. The clerk of the probate division "shall cause to be published in some newspaper notice of the appointment of the personal representative." § 473.033. The clerk is also required to send a copy of the published notice "by ordinary mail" to each heir or devisee named in the application for letters." *Id.* Given the breadth of *Pope's* language, these acts are sufficient to defeat a claim that section 473.083 is self-enforcing. State action is present. The due process clause applies.

There remains the question whether the due process clause entitles heirs to actual notice of the pendency of probate proceedings. The resolution of that inquiry turns on a calculation that attempts to balance the state's interests in expeditious resolution of probate affairs against the heirs' opportunity to exercise their statutorily permitted cause of action to challenge the will. Constitutionally sufficient notice is reasonable notice. Reasonable notice is notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity present their objections [to the will]." *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657.

*Pope* holds that due process requires actual notice to persons having a claim against the estate. While one could reasonably argue that strangers to the decedent require a different kind of notice than the decedent's family members, *Pope's* language seems not to admit such an exception. "[T]he [personal representative] will often be, as is the case here, a party with a beneficial interest in the estate. This could diminish [the personal representative's] inclination to call attention to the potential expiration of a[n heir's interests]." 485 U.S. at 489, 108 S.Ct. at 1347. *Pope* concludes that "[t]here is thus a substantial practical need for actual notice in this setting." *Id.* Unlike the principal opinion, I find appellants, Allan and Lomax, are entitled to actual notice based on *Pope* and not on the "interlocking nature" of the Missouri Probate Code.

I do agree, however, with the principal opinion that potential heirs made aware of the death of the decedent by other means may not claim a lack of actual notice from the probate division as a basis for circumventing the section 473.083 statute of limitations. Therefore, as to appellant Bosworth, I concur in the result because he failed to allege he did not know of the administration of the estate.

I offer a final comment. The majority concludes that its holding extends only to will contest actions brought after the statute of limitations has expired and prior to the closing of the estate. While this is an eminently reasonable position, I do not believe that *Pope* permits it. As I read *Pope,* it conditions the running of the statute of limitations on the existence of actual notice. Absent actual notice, I do not believe this Court can read the due process clause to conclude that the estate is ever free from a challenge by

non-notified, palm-up heirs who claim (straightfaced or not) that they did not know that their dear, departed and well-heeled relative left without so much as a testamentary good-bye.