In the ESTATE OF J.D. VESELICH, Deceased, Carol Veselich, As Surviving Spouse, and As Personal Representative, Appellants,

v.

NORTHWESTERN NATIONAL CASUALTY CO., et al., Respondents.

No. WD 40380.

Missouri Court of Appeals, Western District.

Nov. 15, 1988.

John E. Edwards, III, Kansas City, for appellants.

Mary L. Barrier, Kansas City, for Northwestern, for respondents.

Daniel P. Wheeler, Kansas City, Timothy H. Bosler, Liberty, for claimants.

Before FENNER, P.J., and GAITAN and MANFORD, JJ.

FENNER, Judge.

Carol Veselich is the widow of James D. Veselich who died on August 24, 1986. On September 3, 1986, Letters Testamentary were issued appointing Carol Veselich as Personal Representative in the Estate of J.D. Veselich, deceased (hereinafter the Estate).

Prior to his death, J.D. Veselich (hereinafter the decedent) was a practicing Missouri attorney. Numerous claims were filed against the Estate which included thirty-seven lawsuits seeking damages for alleged legal malpractice on the part of the decedent (hereinafter malpractice claimants). The pending malpractice claims prayed for total recovery in excess of thirty-eight million dollars. Prior to his death, the decedent had been issued professional liability insurance policies by The Bar Plan, whose underwriter is Northwestern National Casualty Company, (hereinafter Northwestern). The Estate tendered the defense of all thirty-seven malpractice suits to Northwestern and Northwestern undertook defending each of those suits under reservations of rights.

On July 2, 1987, Northwestern filed a declaratory judgment action, *Northwestern National Casualty Company v. Carol Veselich, Executrix of the Estate of James D. Veselich, Deceased,* Case No. 87–0673–CV–W8, in the United States District Court for the Western District of Missouri, hereinafter the Federal litigation. The Federal litigation seeks a declaration that the malpractice policies issued to J.D. Veselich were void *ab initio* on the basis of alleged misrepresentations made by the decedent in his applications for the policies. The malpractice claimants were allowed to intervene in Federal Court and the Federal litigation is still pending.

On January 12, 1988, Carol Veselich, as Personal Representative of the James D. Veselich Estate, hereinafter Carol Veselich, P.R., filed a motion in the Circuit Court of Platte County, Probate Division, seeking permission to cease her defense of the Federal litigation on the grounds that continuing to defend said action was not in the best interest of the Estate. An informal hearing was held on the motion before the Honorable Floyd R. Baber on January 21, 1988. On the same date, Judge Baber entered the following order:

> ... It is Ordered that:
>
> "Personal Representative file settlement, proposed Schedule for Payment of Claims, proposed Order of Distribution or Order Approving Settlement and Closing Estate Assets Exhausted."

On February 22, 1988, Carol Veselich, P.R., filed a settlement reflecting the condition of the Estate as of January 31, 1988. The settlement showed assets valued at $181,649.43 and numerous assets with unknown or undetermined value. The assets with unknown or undetermined value were as follows:

| PROPERTY | VALUE |
| --- | --- |
| 100 shares common stock of D.R.I. L.L. & OPERATORS, INC., an Oklahoma corporation, represented by Certificate No. 4 | Unknown |
| 20,000 shares of Totem Industries, Ltd., represented by Certificate No. 05049 | Unknown |
| Interest in LVA Partnership, a/k/a LAV Partnership, a Missouri general partnership | Undetermined |
| 5.658% limited partnership interest in Montebello Partners, Ltd., a Missouri limited partnership, represented by Certificate No. 1 | Unknown |
| 50% interest as a general partner in Midtown Real Estate Partnership | Unknown |
| 2.8286% limited partnership interest in Arkoma Associates | Unknown |
| 4% limited partnership interest in Kansas City Real Estate Partnership #2 | Unknown |
| 8% limited partnership interest in Casa Serena Properties, Ltd. | Unknown |
| 1.428% limited partnership interest in Diversified Properties 101 | Unknown |
| 2.03% interest as a general partner in Kansas City Real Estate Partnership #1 | Unknown |
| Right to receive 3,250 shares of HI-COR Mineral Exploration Series I. These shares are to be issued to the Estate because of Mr. Veselich's in- | |

vestment in Highlands Management Company, which partnership was dissolved in 1985, prior to Mr. Veselich's death. It is uncertain when the shares will be issued and the present value is undeterminable.          Unknown

The settlement filed February 22, 1988, also reflected that as of January 31, 1988, costs had been incurred in the amount of $372, the expenses of administration totaled $56,302.66, a family allowance was allowed to Carol Veselich, as surviving spouse, in the amount of $100,000., claims for funeral expenses totaled $7,011.89 and claims for debts and taxes due the United States totaled $121,668.18. This was a total for the claims, costs of administration and family allowance of $285,354.73, exclusive of the 37 legal malpractice claims.

On February 26, 1988, a hearing was held in the Probate Division of the Circuit Court of Platte County, on the motion of Carol Veselich, P.R., requesting authority to cease her defense of the Federal litigation. Northwestern National Casualty appeared in opposition to the motion asserting that it was entitled to bring a declaratory judgment action against the Personal Representative of the Estate in order to determine its rights and obligations under the Policies, and that the determination of the validity of the Policies with all of the ramifications arising therefrom, was a proper matter for inclusion in the administration of the Estate. Northwestern maintained that if it was not allowed to proceed against the Estate it would not be able to have its rights determined without a multiplicity of lawsuits. Northwestern also objected to the Estate being closed and the Personal Representative being discharged if such was contemplated by the court's order of January 21, 1988. Several of the malpractice claimants also appeared in opposition to the motion. The motion was denied and Carol Veselich, P.R., was directed to continue to defend the Federal litigation until such time as she might be relieved of that duty by the Federal Court. Carol Veselich appeals the denial of the motion in her capacity of Personal Representative and in her capacity as surviving spouse. Northwestern National Casualty Company is a Respondent herein as are a number of the malpractice claimants.

The respondents herein argue that the order denying the motion of Carol Veselich, P.R., to abandon the Federal litigation was not a final and appealable order and therefore the court on appeal lacks subject matter jurisdiction. Orders of the Probate Division from which an appeal may be taken are statutorily enumerated in Section 472.160.1 RSMo, 1986, which states, in part:

Any interested person aggrieved thereby may appeal to the appropriate appellate court from the order ... of the probate division of the circuit court in any of the following cases:

(1) On the allowance of any claim against an estate exceeding one hundred dollars;

(2) On all settlements of the personal representative;

(3) On all apportionments among creditors, legatees or distributees;

(4) On all orders directing the payment of legacies, making distribution or making allowances to the surviving spouse or unmarried children;

(5) On all orders for the sale of assets of the probate estate;

(6) On all orders for the sale of real estate;

(7) On judgments for waste;

(8) On proceedings to recover balances escheated to the state;

(9) On all orders revoking letters testamentary or of administration;

(10) On orders making allowances for the expenses of administration;

(11) On orders for the specific execution of contracts;

(12) On orders compelling legatees and distributees to refund;

(13) On all orders denying any of the foregoing requested actions;

(14) In all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate.

This appeal does not fall within any of the first thirteen subsections, but it is a final order pursuant to subsection (14).

■ For a judgment to be final it must dispose of all parties and all issues. *Leve v. Delph,* 684 S.W.2d 952 (Mo.App.1985). An interlocutory order, on the other hand, is one which reserves and leaves some further question or direction for further determination and thus is not final for purposes of appeal. *State, ex rel. Great American Insurance Co. v. Jones,* 396 S.W.2d 601, 603 (Mo. banc 1965). Section 472.160.1(14) contemplates that as to any specific probate proceeding where the rights of all parties and all issues are fully adjudicated and disposed of, an order is appealable. *Smith v. Snodgrass,* 747 S.W.2d 743, 744 (Mo.App.1988).

The order of the judge herein denied the motion of the Personal Representative and directed that she was to continue to defend on behalf of the Estate in the Federal litigation. The rights of all interested parties were fully adjudicated and all issues addressed in the motion were disposed of. The order left nothing for further direction or determination. Therefore, the Respondent's argument that there is no subject matter jurisdiction because there was not a final and appealable order fails.

■ Appellant's first point on appeal is that the court erred as a matter of law in denying the Personal Representative's motion to cease defending the Federal litigation because the Estate was insolvent and it violates the Missouri Probate Code to unnecessarily incur administrative expenses, i.e., legal fees in defending the Federal litigation, for the sole benefit of lower priority creditors at the expense of higher priority creditors.

Appellant argues that Section 473.430 RSMo 1986, and Section 473.397 RSMo 1986 are controlling herein. These sections of the probate code provide as follows:
Section 473.430.

All claims and statutory allowances against an estate shall be paid by the personal representative, as far as he has assets, in the order specified in Section 473.397; and no claim or statutory allowance of one class shall be paid until all previous classes are satisfied or it appears that there are sufficient assets to satisfy all previous classes....
Section 473.397.

All claims and statutory allowances against the estate of a decedent shall be divided into the following classes:

(1) Costs;

(2) Expenses of administration;

(3) Exempt property, family and homestead allowances;

(4) Funeral expenses;

(5) Debts and taxes due the United States of America;

(6) Expenses of the last sickness, wages of servants, claims for medicine and medical attendance during the last sickness, and the reasonable costs of a tombstone.

(7) Debts and taxes due to the state of Missouri, any county, or any political subdivision of the state of Missouri;

(8) Judgments rendered against the decedent in his lifetime and judgments rendered upon attachments levied upon property of the decedent during his lifetime;

(9) All other claims not barred by Section 473.360.

Appellant argues that it would be contrary to the priority established for the satisfaction of the claims of creditors under Section 473.430 for the Estate to continue to incur attorney fees for the defense of the Federal litigation. Appellant argues that these fees will be considered as expenses of administration and given priority over the exempt property, family and homestead allowances, funeral expenses and debts and taxes due the United States of America. Appellant's position is that the Federal litigation relates solely to the claims for legal malpractice, which would be class nine and the lowest in priority for payment. Appellant argues that continuing to incur administrative expenses, given the insolvent condition of the Estate, will only serve to benefit the class nine malpractice claimants and that this subverts the priority mandated for payment of

claims under Section 473.430. Therefore, the appellant contends that the failure of the trial judge to grant her motion to cease the defense of the Federal litigation erroneously applied the law.

Respondents argue that the Estate has a duty under the law to defend all actions brought against it. Section 473.270 RSMo 1986, provides in this regard that a personal representative "shall commence and prosecute all actions which may be maintained and are necessary in the course of his administration, and defend all actions brought against him."

This court has found no Missouri case precisely deciding the issues raised by the parties in regard to the appellant's first point. However, the case of *Kahmann v. Buck,* 446 S.W.2d 457 (Mo.App.1969) is of assistance in resolving the issues in dispute herein. Kahmann was an attorney who had contracted with Emma Schmidt, during her lifetime, on a contingent fee basis, to prosecute her claim for personal injuries. After Emma Schmidt's death, Kahmann sought to require Schmidt's personal representative, Buck, to furnish expenses for appeal of an unsuccessful lawsuit. The trial court found that the personal representative acted properly by refusing to furnish expenses for appeal. The court of appeals affirmed and held that where the personal representative believes that further litigation of a claim or suit of decedent will not be advantageous and the determination is not unreasonable, the personal representative, with the probate court's concurrence may elect not to appeal from an adverse judgment even though the applicable statute [1] provided that the personal representative shall prosecute all claims of decedent. *Kahmann v. Buck, supra* at 461.

It has long been established that the personal representative serves in a fiduciary capacity. It is the duty of the personal representative to look after the interests of the estate and to act for and on behalf of all persons who have an interest in the estate. The personal representative is liable for want of due care and skill with the measure of due care and skill being that which a prudent person would exercise in the direction and management of their own affairs. *Kahmann v. Buck, supra* at 460–461; *Merritt v. Merritt,* 62 Mo. 150, 157 (1876).

The personal representative is not obligated by virtue of § 473.270 RSMo 1986, to defend an action when in the reasonable judgment of the personal representative and the court defense of the action is not in the best interest of the estate. As in other matters heard by the court without a jury, the decision of the court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. Rule 73.01, *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellant's argument herein that the trial court erroneously applied the law by denying the motion to cease defending the Federal litigation, which in essence requires that the Estate incur attorneys fees as part of the expense of administration to the sole benefit of class nine creditors and to the detriment of creditors with higher priority claims, is invalid for two reasons.

First, Section 473.430 RSMo 1986, does not limit the court's authority to determine appropriate expenses of administration as suggested by appellant. There is nothing in Section 473.430 which places any restriction or limitation on expenses of administration in consideration of any

1. At the time of the *Kahmann* decision, Section 473.270 RSMo 1959 was the applicable statute and it read as follows:

Collection of debts, prosecution and defense of suits.—Executors and administrators shall collect all moneys and debts of every kind due to the decedent, and give receipts and discharges therefor, and shall commence and prosecute all actions which may be maintained and

are necessary in the course of his administration, and defend all actions brought against him.

The only difference in the 1959 version of 473.270 and the current 1986 version is that the word moneys in the second line of the 1959 version above has been changed to money in the 1986 version.

claims of lower priority. The determination of appropriate expenses of administration rests within the sound discretion of the court. The court has express authority to approve appropriate compensation for attorneys employed by the personal representative. Section 473.153 RSMo 1986.

Secondly, in the case at hand, the appellant represents that the Estate is insolvent but the last settlement showing the condition of the Estate as of January 31, 1988, lists much property with unknown or undetermined value. The record does not support the appellant's position that the Estate is insolvent, and if it is not, then the Estate clearly has an interest to protect in the Federal litigation. If the malpractice claims are not defended by and or paid to the extent of insurance coverage the Estate assets stand to be depleted. In applying the *Murphy v. Carron, supra,* standard this court is not able to hold that the decision of the trial court is against the weight of the evidence or that there is not substantial evidence to support it or that it erroneously declares or applies the law.

In the event the evidence supported appellant's position that the Estate was insolvent, then it would appear to be unreasonable, and under the evidence otherwise presented herein, against the weight of the evidence for the trial court to require the personal representative to continue to incur liability on behalf of the Estate to defend an action that could not have any benefit to the Estate. Given that the probate division has ongoing authority and responsibility to supervise the handling of the affairs of the Estate, in the event the court becomes convinced that pursuing the Federal litigation is of no benefit to the Estate no other reason for requiring the personal representative to continue to incur expenses on behalf of the Estate therein is apparent.

Appellant's second point on appeal is that the court erred as a matter of law in denying the motion for an order to cease defending the Federal litigation because a *policy of malpractice liability insurance is* not an asset of the Estate capable of being administered and therefore it is improper to unnecessarily incur expenses to construe such a policy. Appellant recognizes that there is no Missouri authority to support this argument.

This argument is without merit in that as pointed out previously herein, Section 473.-270 RSMo 1986 expressly authorizes the personal representative to defend all actions brought against him. Furthermore, given that it has not been established that the Estate is insolvent the Estate has a clear interest in the Federal litigation to attempt to protect the Estate assets to the extent of insurance coverage for the malpractice claims.

The judgment is affirmed.

All concur.