In the Matter of Faye ADAMS—
Deceased, Plaintiff.

Beverly Sue RYAN, Public Administrator,
Respondent,

v.

MO. DEPT. OF SOCIAL SERVICES,
Appellant.

No. WD 48901.

Missouri Court of Appeals,
Western District.

June 14, 1994.

John J. Sastry, Division of Legal Services, Jefferson City, for appellant.

Steven M. Petry, Kansas City, for respondent.

Before TURNAGE, C.J., and FENNER and ELLIS, JJ.

TURNAGE, Chief Judge.

The Missouri Department of Social Services filed a claim against Faye Adams, deceased, and also filed an application to open an estate on Adams. The court denied the motion to open an estate but failed to pass on the claim. On this appeal, the State contends the court should have allowed the claim and should have opened an estate. Appeal dismissed as to claim and affirmed as to opening an estate.

Faye Adams died on January 2, 1992. On April 23, 1993, Beverly Sue Ryan, the Public Administrator of Clay County, filed an application to determine heirship pursuant to § 473.663, RSMo 1989, Cum.Supp. The State thought an estate had been opened on Adams and filed a claim for the recovery of public assistance benefits. The State learned no estate had been opened and filed a motion to open a formal estate on Adams claiming to be an interested person under § 473.030, RSMo 1986 because it had a claim against her estate.

█ The trial court never passed on the claim but denied the motion to open a formal estate because the motion was not filed within one year from the date of death as required by § 473.070, RSMo 1989, Cum.Supp.

Section 473.070.1 provides:

In addition to the limitations of time provided in section 473.050, no written will shall be admitted to probate and no administration granted unless application is made to the court for the same within one year from the death of the decedent. This section shall apply to those persons whose deaths occur on or after July 13, 1989.

There is no dispute that no application to admit a will of Adams was filed nor was there any application for administration on the estate of Adams filed within one year from the date of her death. In this case the State does not claim to have a will, therefore under § 473.110.2, RSMo 1986, the State could only seek to have letters of administration granted. However, § 473.070 clearly provides that no administration shall be granted unless application therefore is made to the court within one year from the date of death.

The State made application for administration more than one year after the death of Adams and under § 473.070.1 the court properly denied letters of administration.

█ The court never passed upon the claim and for that reason there is no final appealable judgment entered with reference to the claim. *Horn v. Verplanke*, 726 S.W.2d 880 (Mo.App.1987).

The judgment denying letters of administration in the Estate of Faye Adams is affirmed. The appeal with respect to the claim filed by the State is dismissed because there was no final appealable judgment entered by the trial court on the claim.

All concur.