In the ESTATE OF Lillie Flanders FOX, Deceased.

Clarence JOHNS, Sr., Petitioner–Appellant,

and

Gene Boyet, Petitioner,

v.

Willie FOX, Personal Representative of the Oscar Rudolph Fox Estate, Clarence Johns, Jr., and Leta Johns, now Leta Clark, Respondents.

No. 21273.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 28, 1997.

Charles Bennett, Rolla, for Petitioner–Appellant.

Albert Crump, Jr., Rolla, for Respondents.

BARNEY, Judge.

Clarence Johns, Sr. (Petitioner) appeals the order of the circuit court which dismissed his petition for discovery of assets. Petitioner sought to discover the assets of Lillie Flanders Fox, Deceased. Petitioner's action was brought against Willie Fox, Personal Representative of the Oscar Rudolph Fox Estate, Clarence Johns, Jr., and Leta Johns, now Leta Clark (Respondents). The circuit court sustained Respondent's motion to dismiss Petitioner's action for discovery of assets, with prejudice, on the grounds that the circuit court lacked subject matter jurisdiction, for failure to state a claim, and for failure to include an indispensable party. Petitioner appeals. We affirm.[1]

Petitioner assigns two points of trial court error. We review only the first assignment of error, since it is dispositive. Petitioner argues that the trial court erred in dismissing his [amended] petition for discovery of assets because it stated a claim for which relief could be granted within the jurisdiction of the trial court under section 473.340, RSMo 1986.

In reviewing a trial court's dismissal of a petition, this Court determines if facts pleaded and inferences reasonably drawn therefrom state any ground for relief, treating facts averred as true and construing averments liberally and favorably to the plaintiff. *K.G. v. R.T.R.*, 918 S.W.2d 795, 797 (Mo. banc 1996).

---

1. The petition for discovery of assets, originally filed January 21, 1992, was captioned as pertaining to the "Estate of Lillie Flanders Fox, Deceased," in Case No. CV491–85P, in the probate division of the circuit court of Dent County. However, no such estate was being probated. Case No. CV491–85P was originally filed on November 12, 1991, and was denominated as a petition for determination of heirship.

Petitioner maintains that his petition for discovery of assets alleges a claim within the trial court's jurisdiction pursuant to section 473.340. We note that section 473.340 provides, in pertinent part, the following:

Any executor, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court *in which said estate is pending* seeking determination of the title, or right of possession thereto, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed. The court may order the joinder, as a party, of any person who may claim an interest in or who may have possession of any such property.

§ 473.340.1, RSMo 1986 (emphasis added).

The discovery of assets statute was designed to afford a summary method to discover assets and expedite the *administration of estates* in the collection of assets. *Caldwell v. First Nat'l Bank of Wellston,* 283 S.W.2d 921, 924 (Mo.App.1955)(emphasis added); *see* § 473.340, RSMo 1986. Further, we note that the remedy provided by the statute was intended to permit an executor or administrator, or any other person interested in the estate of the deceased, to recover property or the proceeds thereof asserted to be concealed, embezzled, or otherwise wrongfully withheld. *Id.; In re Weingart's Estate,* 170 S.W.2d 972, 976 (Mo.App. 1943).

Here, an action for the administration of the estate of Lillie Flanders Fox was never commenced following the date of her death.[2] Petitioner, nonetheless, filed the instant action against Respondents for discovery of assets.

Thereafter, Respondents filed their motion to dismiss Petitioner's action based, *inter alia,* on the fact that there was no estate administration action pending in the circuit court, as required pursuant to the discovery of assets statute, quoted hereinabove, when the instant action was filed. *See* § 473.340.1, RSMo 1986. Respondents argued, therefore, that the circuit court was without subject matter jurisdiction to proceed. The circuit court agreed and dismissed Petitioner's petition for discovery of assets action with prejudice.

On appeal, Petitioner asseverates that his petition for "determination of heirship," brought pursuant to section 473.663, was pending in the circuit court when his action for discovery of assets was filed. *See* § 473.663.[3] Petitioner contends that his petition for determination of heirship is equivalent to an action for the administration of an estate and therefore his action for discovery of assets should not have been dismissed. He cites no authority.

As heretofore set out, we observe that section 473.663 permits an action to determine heirship where no administration was commenced on the decedent's estate, nor

---

**2.** Section 473.070 provides, in pertinent part, that "no written will shall be admitted to probate and no administration [shall be] granted unless application is made to the court for the same within one year from the death of the decedent." § 473.070.1, RSMo Cum.Supp.1989. The record shows that Ms. Lillie Fox Flanders died on July 12, 1990. No action was ever commenced by anyone for the administration of her estate within one year from the date of her death.

**3.** Section 473.663 provides, in part, the following:

Whenever a person has died leaving property or any interest therein and no administration has been commenced on his estate in this state, nor has any will been offered for probate in this state, within one year after his death, any person claiming an interest in such property as heir or through an heir may file a petition in the court which would be of proper venue for the administration of such decedent's estate to determine heirs of the decedent and their respective interests as heirs in the estate.
§ 473.663.1, RSMo Cum.Supp.1989.

any will offered for probate, within one year after the date of decedent's death. *In the Estate of Wright,* 950 S.W.2d 530, 532 (Mo. App.1997); *see* § 473.663, RSMo Cum.Supp. 1989. This section authorizes the court to determine the heirs of the decedent and their respective interests in the decedent's property. *Id.* Section 473.663 evidences the legislature's recognition that circumstances arise when, for whatever reason, a decedent's heirs and their interests must be determined after the time permitted for opening a decedent's estate. *Id.* at 533.

■ We hold that an action pending in the circuit court brought pursuant to section 473.663 for determination of heirship is not equivalent to an action pending in the circuit court for the administration of a decedent's estate. *See generally* §§ 473.010–.845; *see also In the Matter of Adams,* 877 S.W.2d 263, 264 (Mo.App.1994)(application to determine heirship pursuant to section 473.663 did not have the same effect as opening an estate for administration, a prerequisite for the recovery of public assistance benefits against an estate by the Department of Social Services).

■ We have a duty to read statutes in their plain, ordinary, and usual sense. *Bosworth v. Sewell,* 918 S.W.2d 773, 777 (Mo. banc 1996). Where there is no ambiguity, we cannot look to any other rule of construction. *Id.* There is no ambiguity in the present case.

■ Section 473.340 clearly and unambiguously provides that the petition for discovery of assets be filed in "the circuit court in which said *estate is pending* . ..." § 473.340.1, RSMo 1986 (emphasis added). Here, there was no estate administration action pending in the circuit court when Petitioner filed his action for discovery of assets. Thus, Petitioner's action for discovery of assets was properly dismissed by the circuit court for failure to state a claim and lack of subject matter jurisdiction. Petitioner could

not recover under any theory pleaded in his petition for discovery of assets. *See Estate of Woodrum,* 859 S.W.2d at 261. Point denied.[4]

The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.

4. This Court's judgment herein relates solely to the dismissal of the petition for discovery of assets. We do not pass on any matters raised in the pending petition for determination of heirship.