

# Missouri Court of Appeals
## Southern District

### In Division

In the Estate of:

QUENTIN LEE JONES,

Deceased.

No. SD38886

**Filed: July 16, 2025**

APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

The Honorable Randolph L. Blosch, Judge

**<u>VACATED AND REMANDED</u>**

Mary Beth Jones ("Appellant"), surviving spouse of Quentin Lee Jones ("Decedent"), appeals the judgment of the Probate Division of the Circuit Court of Polk County, Missouri ("Probate Court"), approving a final settlement of Decedent's estate ("the Estate") proposed by the personal representative of the Estate, Adam Christopher Jones ("Personal Representative"). In her sole point on appeal, Appellant claims the Probate Court erred in approving a final settlement because "pending before the [P]robate [C]ourt are unresolved matters, including a Discovery of Assets petition, and Objections to the Final Settlement which require the [P]robate [C]ourt's ruling before the [E]state will be in a proper condition for Final Settlement." This Court agrees. The Probate Court lacked authority to enter its Final Settlement Approved; Finding and Decree of Distribution ("Judgment") when objections to the proposed final settlement had been

1

filed and the Probate Court failed to hold a hearing on the objections and when a Petition for Discovery of Assets remained pending. The Judgment is vacated and the matter is remanded to the Probate Court with instructions.

**Factual Background and Procedural History**

Decedent died March 31, 2023, in Polk County, Missouri, and was survived by Appellant and two biological children from a prior marriage, Personal Representative and Carmen Jones. On May 25, 2023, Personal Representative filed an Application for Letters of Administration with the Probate Court. Letters of Administration were issued the following day.

On June 2, 2023, Personal Representative filed multiple petitions, including a Petition for Order to Sell Real Property, Petition for Authority to Take Charge of Real Estate, Petition for Order to Cease and Desist Selling, Transferring and Disposing of All Assets Belonging to the Estate and for Order to Allow Personal Representative Access to Account for and Preserve the Assets Belonging to the Estate, and Petition to Expend Estate Funds for Reimbursement of Expenses. The Probate Court entered an Order to Take Charge of Real Estate on June 5, 2023, and Appellant was served with a Notice to Vacate the property on June 12, 2023.

On July 6, 2023, Appellant filed several motions, including a Motion and Application to Substitute Surviving Spouse for Heir Who was Wrongly Appointed Personal Representative; and to Transfer This Cause to the Proper Venue of Hickory County Probate Court Because Deceased's Residence at Death was in Hickory County, an Application of Surviving Spouse for Exempt Property Allowance, and an Application of Surviving Spouse for Family Allowance. After a hearing, the Probate Court entered its

Findings of Fact, Conclusions of Law, and Judgment denying Appellant's motions and applications. Appellant appealed the Probate Court's judgment to this Court. This Court affirmed the judgment by mandate issued September 3, 2024.[1]

Thereafter, on December 30, 2024, Personal Representative filed a Notice of Filing of Final Settlement and Petition for Distribution and a Petition to Deny Applications of Surviving Spouse for Exempt Property Allowance and for Family Allowance. Appellant then filed a responsive pleading to Personal Representative's Petition to Deny Applications. Appellant also filed a Motion for Order to Personal Representative to File a Full and Complete Inventory and Annual Settlement to Date.

On January 17, 2025, Personal Representative filed a Final Settlement for the period of May 26, 2023, to December 30, 2024, reflecting that the Estate had an account balance of $0. That same date, Personal Representative also filed his Petition for Compensation of Attorney, Petition for Compensation of Personal Representative, Petition for Approval of Final Settlement and Order of Distribution, a proposed Final Settlement Approved; Finding and Decree of Distribution, and an Amended Inventory of Assets. The filings reflected that Decedent's real estate had been sold and the sale proceeds largely satisfied debts owed for Personal Representative's attorney fees, Decedent's funeral expenses, Personal Representative's fees, and a claim by Citizen's Memorial Hospital. The Final Settlement assigned a value of $0 to "furniture, household goods, wearing apparel" and "[a]ll other personal property." The Amended Inventory of

---

[1] The Probate Court's docket sheet reflects this Court's mandate was filed September 4, 2024. The mandate is date-stamped as filed September 3, 2024, and was filed on that date in this Court's case on appeal.

3

Assets assigned a value of $0 to all personal property of the Estate and further stated that personal property "items left behind" by Appellant "have no value."

On January 24, 2025, Appellant filed a Petition for Discovery of Assets. Appellant's petition alleged Personal Representative took possession of the marital home and "all the personal property located on and in the premises of the said marital home" after Decedent's death; that Personal Representative "took possession of personal property consisting of several firearms, art and wall hangings, and other miscellaneous items of personal property belonging to" the Estate, and failed to list and value such items in his inventory of assets. Appellant requested an accounting of the value of all personal property as assets of the Estate. On January 28, 2025, Appellant filed her Objections to Final Settlement setting forth numerous grounds for denial of Personal Representative's proposed Final Settlement, including objections regarding payment for a first mortgage, that personal property belonging to the Estate in possession of Personal Representative was not included, objections related to the payment of requested attorneys' fees, objection for a large sum reimbursement payment to an individual, among other stated objections. Personal Representative subsequently filed an Answer to Petition for Discovery of Assets and a Response to Objections to Final Settlement.

The next action in the proceedings was on February 6, 2025, when Personal Representative re-filed his proposed Final Settlement and the Probate Court entered its Judgment. The Judgment approved the Final Settlement showing "$0.00 cash" and no personal property, and itemized the "other personal property" awarded to Appellant, Personal Representative, and Carmen Jones as "NONE." In the Judgment, the Probate Court specifically stated that "no objections to [Personal Representative's] settlement or

4

petition have been filed and the time allowed therefor has expired[.]" The Probate Court also entered separate orders granting Personal Representative's Petition for Compensation of Attorney and Petition for Compensation of Personal Representative. The record contains no ruling or order on Appellant's Petition for Discovery of Assets or Objections to Final Settlement.

After the Probate Court entered its Judgment, it scheduled a motion hearing. Appellant then filed a Notice of Appeal. The motion hearing was ultimately cancelled due to Appellant filing the Notice of Appeal.[2] The Probate Court noted by docket entry that it had "no authority to proceed until appeal process is complete."

## Standard of Review

This Court reviews a determination by a probate court according to the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). A probate court will be upheld on appeal unless its determination "is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *In re Estate of Hayden*, 258 S.W.3d 505, 508 (Mo. App. E.D. 2008). However, the construction of a statute under the Probate Code is a question of law, which this Court reviews *de novo*. *Id.*

## Analysis

Section 473.590 of the Probate Code provides the procedural framework for objections to a final settlement. The statute provides that once objections to a final

---

[2] The Judgment entered by the Probate Court is appealable pursuant to section 472.160. All references to statutes are to RSMo 2016, unless otherwise specified.

settlement are filed, a hearing on the matter ***shall*** be had.  Section 473.590.  The statute reads:

> Within twenty days after the filing of the final settlement and petition for distribution, or such longer time as may be ordered by the court, any interested person may file written objections thereto. The court may receive and file a final settlement before the date specified in the published notice, or before the date to which the settlement was continued, but in case of such premature filing the twenty-day period for filing objections shall run from the date specified in the published notice or the date to which the settlement was continued, as the case may be. ***The objections must be in writing and clearly state the specific grounds of objection*** and the modification desired. If no objections are filed, the court may approve the final settlement and order distribution as prayed, without hearing if it deems such action proper. ***If objections are filed***, or if the court does not deem it proper to approve the final settlement and order distribution as prayed without hearing, ***a hearing on the matter shall be had***.

Section 473.590 (emphasis added).  An "interested person" includes a decedent's spouse. Section 472.010(15), RSMo Cum.Supp. 2019.

Here, Appellant, an "interested person," timely filed written objections to the proposed final settlement that clearly stated her objections and desired modification.  The Probate Court did not hold a hearing as required by section 473.590.  The statutory language of section 473.590 is plain and clear.  Once objections to a settlement are filed, the probate court is precluded from approving a final settlement absent a hearing on the objections.  ***In re Estate of Shaw***, 256 S.W.3d 72, 75 n.2 (Mo. banc 2008).  The Probate Court erred in failing to conduct a hearing on Appellant's Objections to Final Settlement pursuant to section 473.590.  ***In re Estate of Weddle***, 84 S.W.3d 144, 148 (Mo. App. W.D. 2002) (holding that failure to conduct a hearing once objections are filed under section 473.590 is reversible error).

Also pending before the Probate Court at the time the Probate Court issued its Judgment was Appellant's Petition for Discovery of Assets.  Discovery of assets under

6

the Probate Code is governed by section 473.340. Section 473.340 clearly and unambiguously states that a petition for discovery of assets be filed in "the circuit court in which said estate is pending." *Estate of Fox*, 955 S.W.2d 945, 948 (Mo. App. S.D. 1997) (quoting section 473.340.1). "A petition to discover assets [of a decedent's estate] can be filed at any time prior to approval of the final settlement." *In re Estate of Ellis*, 187 S.W.3d 344, 350 (Mo. App. S.D. 2006). "The purpose of a discovery of assets lawsuit is to obtain all of the assets that should be included in the probate estate." *Id.* (quoting *Estate of Dean v. Morris*, 963 S.W.2d 461, 465 (Mo. App. W.D. 1998)).

> "The probate division of the circuit court has original and exclusive jurisdiction over a proceeding to discover assets pursuant to section 473.340."[] *Ryan* [*v. Spiegelhalter*], 64 S.W.3d [302,] 305 [(Mo. banc 2002)]; *Estate of Williams*, 12 S.W.3d 302, 305 (Mo. banc 2000). "In a discovery of assets proceeding, the court's role is to determine whether specific property has been adversely withheld or claimed." *Ryan*, 64 S.W.3d at 305; *see Estate of Williams*, 12 S.W.3d at 305.

*In re Estate of Boatright*, 88 S.W.3d 500, 505 (Mo. App. S.D. 2002) (footnote omitted). Until these assets are properly accounted for, an estate's inventory is incomplete, making it impossible to accurately determine the final value of an estate and the proper distribution to beneficiaries and creditors.

Personal Representative filed a responsive pleading to the Petition. The Petition for Discovery of Assets was never ruled on when the Probate Court issued its Judgment. A probate court cannot approve a final settlement until it is the proper condition and an estate is not in the proper condition for settlement "unless all assets ha[ve] been accounted for and all claims paid." *L.G. v. F.G.H.* 729 S.W.2d 634, 638 (Mo. App. E.D. 1987). Thus, the Probate Court erred in issuing its Judgment before it resolved Appellant's Petition for Discovery of Assets.

7

**Conclusion**

The Probate Court erred in failing to hold a hearing on Appellant's Objections to Final Settlement and in failing to resolve Appellant's Petition for Discovery of Assets before entering its Judgment. The Probate Court's Judgment is hereby vacated and the matter is remanded to the Probate Court for further proceedings consistent with this opinion.

JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J. WEST, J. – CONCURS